# CAMERON *v.* THOMPSON, SHERIFF.

(Division A.   April 5, 1937.   Suggestion of Error Overruled April 19, 1937.)

[173 So. 422.   No. 32599.]

A. S. Scott, of Laurel, for appellant.

**Wm. H. Maynard,** Assistant Attorney General, for appellee.

Argued orally by **A. S. Scott**, for appellant, and by **Wm. H. Maynard**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellant was convicted in the county court of Jones county, on February 12, 1932, of selling intoxicating liquor, and was sentenced to pay a fine of $250 and to serve thirty days in jail; $150 of this fine and the thirty days in jail were suspended by order of the county court, and the appellant having paid $100 of this fine and court costs, was released from custody. In July, 1936, the appellant was arrested and confined in jail under the

suspended portion of this sentence, whereupon she sued out a. writ of habeas corpus, and this appeal is from the order remanding her to custody.

The suspension of a portion of the fine and the sentence was void under section 2020, Code 1930, which provides that: "It shall be unlawful for any justice of the peace or judge of county court, with or without condition, to suspend any sentence lawfully imposed under this chapter." Consequently, the appellant was wrongfully released from custody and was, at all times thereafter, subject to arrest and confinement for the unsatisfied portion of the sentence imposed. Fuller v. State, 100 Miss. 811, 57 So. 806, 39 L. R. A. (N. S.) 242, Ann. Cas. 1914A, 98, and Bolton v. State, 166 Miss. 290, 146 So. 453.

The appellant says, however: (1) That she was taken into custody under the suspended portion of her sentence and remained in custody for a sufficient length of time to liquidate both the unpaid portion of her fine and the thirty days in jail; and (2) that if this is not true, more than two years have elapsed since the sentence was imposed, and that it cannot now be enforced under section 4058, Code 1930. In support of her first contention, the appellant introduced evidence disclosing that on June 25, 1932, she was arrested and placed in jail by the sheriff of Jones county on the charge of having in her possession intoxicating liquor, and while in jail under this charge, which seems never to have been prosecuted to a termination, the county attorney of Jones county, on June 27, 1932, filed a motion in the county court for the revocation of the suspended portion of her sentence imposed in February, 1932, and that a citation was served on her to show cause why this revocation should not be ordered. No order was entered by the county court on this motion, and on July 8, 1932, while she was still in custody of the sheriff, she was delivered by him to the marshal of the federal court at Meridian, and she was thereafter held in custody for about six months under a sentence

imposed by that court. She says that the sheriff was without power to deliver her to the federal authorities, but should have retained her in custody under the unexpired portion of her sentence imposed by the county court in February, 1932, and that consequently the time served by her in the federal prison must be credited on the time she would have served under the county court judgment, had the sheriff complied with his duty and retained her in custody.

It is true the sheriff, without an order of the court to do so, could have taken the appellant in custody on the suspended portion of her sentence, but he did not do this, and it does not appear from the record that he, at any time, was holding her thereunder, and the suspended portion of her sentence could be satisfied by the payment of the $150 and the actual serving of the jail sentence, or if the fine was not paid, by the appellant remaining in jail for the statutory time therefor, in addition to the thirty days imposed. Fuller v. State, supra.

For the same reason, section 4058, Code 1930, has no application here, for the appellant was not in continuous confinement under the suspended portion of her sentence.

Affirmed.