STEADMAN *v.* STATE.

In Banc. Nov. 8, 1948.

(37 So. (2d) 357)

Homer Pittman, for appellant.

**R. O. Arrington,** Assistant Attorney General, for appellee.

**Smith, J.**

When this litigation was initiated, appellant was at large under the following judgment of the County Court of Forrest County:

"Comes the County Prosecuting Attorney who prosecutes for. the State and the Defendant in his own proper person and by his counsel and upon being arraigned at the bar of the court on said charge for plea thereto plead guilty and now being placed before the bar of the court and asked if they had anything to say why the sentence of the court should not be pronounced against him had naught to say. It is therefore considered by the court and so ordered that Jimmie Steadman be fined the sum of One Hundred Dollars and all costs of court and to serve for a period of ninety days on the County Road, the ninety days being suspended on good behavior. Mrs. Ernestine Scott Steadman ordered to serve for a period of ninety days on the County Road, the days being suspended on good behavior."

Attention is called specifically to the fact that the judgment recites an unconditional plea of guilty, and a definite assessment of punishment in the form of a fine and imprisonment. This complete and valid judgment

of the court is, however, followed by a suspension of the imprisonment on condition of the good behavior of the convict, appellant here.

The county attorney later, with a purpose to have the county court revoke the suspension of the sentence, conditioned upon good behavior, filed a petition therein, praying a citation against appellant requiring him to show cause why such revocation should not be had because of his alleged violation of the condition, in that he had, since its grant, been guilty of assault and battery and also of possession of an unregistered pistol. Appellant answered, denying the charges; testimony was had and the county court judge convicted appellant under such proceedings. An appeal was taken to the circuit court, and failing to obtain relief there, the case is now before us on appeal therefrom.

The assignments of errors are two: that the county court erred in accepting a conditional plea of guilty, and thereafter revoking an unlawful suspended sentence; and that the circuit court erred in dismissing "the appellant's appeal from the county court with a writ of procedendo, on the grounds that an appeal does not lie from judgment revoking a suspension of sentence, wherein in truth and in fact, the said suspended sentence was unlawful and prohibited under Section 2659 of the 1942 Code."

That section provides "it shall be unlawful for any justice of the peace or judge of county court, with or without condition, to suspend any sentence lawfully imposed under this chapter." It will be borne in mind that the judgment was a lawful one, lawfully imposing a valid sentence, on an unconditional plea of guilty, and that only the execution of that part thereof involving imprisonment was suspended during good behavior. It is, of course, argued here, in view of the assignment of errors, that this suspension of the execution of part of the sentence invalidates the whole judgment. It is also argued that the plea of guilty was conditional, which is

refuted by the unqualified statement in the judgment that the defendant "plead guilty."

The point of appellant may be summarized briefly as a contention that the county court "had no right to accept a plea of guilty from the appellant on condition that a portion of the sentence should be suspended, for the reason that the county judge had no lawful right to suspend the sentence," and since the judgment, therefore, was void, appellant could not be rearrested and compelled to serve the suspended portion of the sentence.

There was no conditional plea of guilty, as shown supra, and the whole judgment was perfectly valid except that part suspending the ninety days on good behavior, which contravened the prohibition of the statute, and was void. There is no statutory or other authority for the proceeding followed here by the county prosecuting attorney in the county courts, by which appellant was haled before the county court judge and found guilty of two subsequent misdemeanors, for which the penalty imposed by the court was that he be required to serve the suspended sentence as a consequence thereof. We, therefore, disregard that feature of the record before us, and confine our conclusion to the statute quoted, and decisions based thereon.

In the case of Fuller v. State, 100 Miss. 811, 57 So. 806, 808, 39 L. R. A., N. S., 242 Ann. Cas. 1914A, 98, this Court held: "That portion of the judgment which directed 'that the jail sentence be suspended during the good behavior of the defendant' was void, and the defendant could have been taken into custody immediately upon the rendition of the judgment." In other words, then and there, upon pronouncement of the sentence and the suspension of the execution of part thereof by the county court, in excess of its powers, the sheriff could have lawfully rearrested the prisoner for service of the suspended portion, without more court proceedings. The Court in that case further said: "While at large under this void order, to which he did not object, appellant was

in the same situation that he would have been, had he simply escaped from custody," citing Ex parte Bell, 56 Miss. 282, and other authorities.

In the case of Cameron v. Thompson, 178 Miss. 434, 173 So. 422, 423, we held that the suspension by a county court of a portion of fine and sentence for selling intoxicating liquors was void, the release of the defendant from custody of the sheriff wrongful, and that defendant was thereafter still subject to arrest and confinement for the unsatisfied portion of the fine and imprisonment. It was said by the Court in that case: "the sheriff, without an order of the court to do so, could have taken the appellant in custody on the suspended portion of her sentence."

So here, it was immaterial whether appellant had committed subsequent violations of the law. The suspension was void, and he could have been arrested immediately, or later, by the sheriff without any order of the court and compelled to serve the suspended sentence.

The right result was reached here, however, by the order of the court requiring that "the said defendant Jimmie Steadman be required to serve said ninety (90) days on the county road of said county." By this, we are not to be taken as holding that such an order was necessary, or to recede from our holdings in the Fuller and Cameron cases, supra.

The judgment of the lower court will be affirmed.
Affirmed.