FREEMAN *v.* STATE.

April 26, 1954

No. 39150      62 Adv. S. 5      72 So. 2d 139

*W. Arlington Jones,* Hattiesburg, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

Lee, J.

At the November 1949 term of the Circuit Court of Forrest County, P. D. Freeman was indicted for the unlawful sale of intoxicating liquor. The cause was transferred to the county court. On January 9, 1950, at the regular January 1950 term of that court, on arraignment, he pleaded guilty, and the court imposed a sentence of $250 and costs and 60 days to be served on the county roads, but suspended the days during his good behavior.

The county attorney of Forrest County, on June 5, 1952, filed a petition in the county court to revoke the previous suspension of sentence on two grounds, namely, (1) that the suspension was void and Freeman had not served the days, and (2) at any rate he had violated the terms thereof by unlawfully selling intoxicating liquor in the county on May 1, 1952.

Freeman answered the petition and denied all of the allegations thereof.

On the hearing, the State introduced proof of the sale of liquor on May 1, 1952.

At the conclusion of the evidence, the county judge, by his order of June 23, 1952, found that the original judgment of sentence was valid; that Freeman had not served the 60 days; that the suspension of the days was invalid as the county judge had no authority therefor at the time; and further found that Freeman nevertheless violated the condition of the suspension by selling whiskey on May 1, 1952. He therefore cancelled, revoked and held the suspension for naught, and remanded the defendant to the county jail for the execution of the balance of his sentence, namely, 60 days on the county roads. In addition, he required that the defendant enter into a

bond in the sum of $1,000.00 to keep the peace and to be of good behavior, as provided for by Section 2596, Code of 1942.

On June 30, 1952, Freeman filed a motion for a new trial and stay of execution; and, on the same date, the court entered an order overruling this motion. On appeal, the circuit court affirmed the judgment of the county court, and Freeman appealed.

■■■ Appellant argues that the judgment of June 23, 1952, is void because it does not appear to have been filed until June 30, 1952. He cites no authorities to sustain this contention. There was an extended hearing, and the judge made his finding on the 23rd. The motion for a new trial, the order overruling the same, and the final judgment all bear the same filing date. Obviously this contention is without merit.

■■■ On the date of the judgment of sentence and attempted suspension of the days, the county judge not only did not have authority to suspend the sentence, but it was unlawful for him to do so. Section 2659, Code 1942. It was not until the enactment of Chapters 347 and 348, Laws of 1950, approved February 24, 1950, that county courts were authorized to suspend sentences in misdemeanor cases.

In Fuller v. State, 100 Miss. 811, 57 So. 806, decided in 1911, the defendant had been convicted of the unlawful sale of intoxicating liquor and was sentenced to pay a fine and serve a term in jail, but the jail sentence was suspended during his good behavior. At that time the court had no power to suspend sentences. This Court held that the attempted suspension was ''void, and the defendant could have been taken into custody immediately upon the rendition of the judgment.''

The Fuller case, supra, was followed in Steadman v. State, 204 Miss. 322, 37 So. 2d 357, where the county attorney filed a petition to revoke that part of the judgment of sentence of the county court, which attempted

to suspend Steadman's 90 days on the county roads. Since there was then no authority of the county court to suspend sentences, this Court said, "then and there, upon pronouncement of the sentence and the suspension of the execution of part thereof by the county court, in excess of its powers, the sheriff could have lawfully rearrested the prisoner for service of the suspended portion, without more court proceedings."

Consequently the county judge was correct in holding that a lawful sentence had been imposed; that no suspension thereof had in fact been made; and that the defendant was bound to serve the days.

In view of the invalidity of the attempted suspension and the correctness of the order of the court so holding, it is unnecessary to deal with assigned errors in connection with the admissibility and sufficiency of the State's evidence with regard to the sale of liquor on May 1, 1952.

However, the court was in error in requiring the appellant to enter into bond to keep the peace in accordance with Section 2596, supra. The court could have imposed such additional penalty in the original judgment of sentence, but it did not do so. After the final judgment therein, no additional penalty can be imposed. This principle is so elemental that it requires no citation of authority.

The judgment of the county court as affirmed by the circuit court, will be modified so as to exclude the requirement that appellant shall give the bond herein mentioned, and, as so modified, will be affirmed.

Affirmed as modified.

*Roberds, P. J.,* and *Holmes, Arrington* and *Ethridge, JJ.,* concur.