278 So.2d 464 (1973)
Donald ROYALTY
v.
J.D. McADORY, Sheriff of Hinds County, Mississippi.
Donald ROYALTY
v.
STATE of Mississippi.
Nos. 47431, 47432.
Supreme Court of Mississippi.
May 29, 1973.
*465 Harry L. Kelley, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Ben H. Walley, Sp. Asst. Atty. Gen., Jackson, for appellees.
RODGERS, Presiding Justice.
This action is a combination of two different causes of action. The first is an application for a writ of habeas corpus. The second is an application to the trial court requesting the court to resentence the appellant because of an alleged confusion in the orders entered after the original sentence of the appellant. These two petitions and orders thereon have been combined in this Court because they are based upon the same facts before the trial court.
The sequence of events leading to the application for the writ of habeas corpus may be enumerated as follows.
The appellant was indicted by the Grand Jury of Hinds County at the July term, 1970 in Cause No. 19,913 on a charge of sale of marijuana. At first, he pled not guilty to this charge, but later he pled guilty on August 10, 1970. He was then sentenced to serve a term of five (5) years in the Mississippi State Penitentiary. After this sentence, however, the court included in its order the following sentence:
"It is further ordered and adjudged that 4 years of the sentence be and are hereby suspended with defendant serving 1 year on the County Farm and 4 years on probation."
*466 Thereafter, on August 13, 1970, in the same Cause No. 19,913, another order was entered by the court again sentencing the defendant Donald W. Royalty to a term of five (5) years in the state penitentiary. In this order, however, the defendant was said to have been charged with "possession of marijuana."
The second order entered a formal suspension of sentence in accord with Section 4004-24, Mississippi Code 1942 Annotated (1956). This order was concluded by the following sentence:
"(K) And, further, that he is to serve `1' year on the Hinds County, Mississippi Penal Farm and `4' years on Probation."
Thereafter, the appellant served a term of nine (9) months on the county farm under the terms of the sentence and was released. On April 21, 1971, the probation supervisor filed an affidavit charging that the defendant violated his parole under the terms of the sentence on August 10, 1970, in which the defendant was charged with sale of marijuana. The affidavit, however, alleged that the defendant had been convicted of "possession of marijuana". A hearing was had on this affidavit, and defendant was required to serve the balance of a one-year term on the county farm, after which he was discharged. Thereafter, on June 12, 1972, the probation supervisor made an affidavit charging appellant Royalty with having again violated his parole. A hearing was had before the circuit judge on July 5, 1972, and an order was entered in which it was said that the defendant "was on the 10th day of August, A.D., 1970, convicted of the offense of possession of marijuana," and defendant was remanded to the custody of the sheriff to be transported to the state penitentiary.
The appellant filed a petition for habeas corpus on the 5th day of June, 1972, alleging that he was no longer on parole on the charge of "possession of marijuana"; that he had served the sentence imposed by the court for that crime; and that the court no longer had jurisdiction to order the defendant to serve a penitentiary sentence for "possession of marijuana in an amount less than one ounce." The trial court denied the petition on January 16, 1973, in a nunc pro tunc order. The appellant appealed to this Court from the order denying habeas corpus relief. At the same time, appellant filed an application requesting the trial court to change the original sentence imposed on August 10, 1970, so as to resentence the defendant to serve the sentence for possession of marijuana previously served on the county farm. The court denied relief under this petition and left in effect the order revoking the appellant's parole and remanded him to the custody of the sheriff to await transportation to the state penitentiary.
The appellant has cited Ex Parte Burden, 92 Miss. 14, 45 So. 1 (1907) for the proposition that where one is sentenced for having committed a felony, when in fact he is only charged with a misdemeanor, the sentence may be attacked collaterally by habeas corpus proceedings.
The appellant then argues that since the court had no authority to enter an order suspending a sentence under the felony charge for the "sale" of marijuana, the sentence for "possession" was the proper sentence for the sale of marijuana. Both sentences in this case [dated August 10, 1970 and August 13, 1970] were made after Section 6866, Mississippi Code 1942 Annotated (1952) was amended by the Laws of Mississippi 1966. The first sentence of Section 1(a) of Chapter 450 of the Laws of 1966 is in the following language:
"Except as otherwise provided in subsection (b) of this section, any person who violates any provision of this act shall, upon conviction, be fined not more than Two Thousand Dollars ($2,000.00) and be imprisoned not less than two (2) years or more than five (5) years." Ch. 450, § 1(a) [1966] Miss.Gen.Laws Vol. 1, at 857.
Section 6846, Mississippi Code 1942 Annotated (1952) made it unlawful to possess *467 marijuana. Harris v. State, 179 Miss. 38, 175 So. 342 (1937). The first sentence in the above quoted amendment which was later codified as Section 6866, Mississippi Code 1942 Annotated (Supp. 1967) made it a felony to possess marijuana. However, the last sentence in this section permitted the court to suspend the imposition or execution of the sentence for a first offense of possession of marijuana.
Section (b) of Section 6866, supra, prohibits the court from suspending the imposition of sentence for the "sale" of marijuana.
In the final analysis, the issue as to whether or not the court had authority to suspend the appellant's sentence depended upon whether or not he pled guilty to a charge of "selling marijuana" or simply "possessing marijuana."
This Court has repeatedly held that where the trial court does not have the authority to suspend a sentence, the part of the sentence suspended is void. It may be treated as surplusage, and the suspended sentence enforced. The convict may be apprehended at any time and required to serve the sentence attempted to have been lawfully suspended. Freeman v. State, 220 Miss. 777, 72 So.2d 139 (1954); Steadman v. State, 204 Miss. 322, 37 So.2d 357 (1948); Cameron v. Thompson, 178 Miss. 434, 173 So. 422 (1937); Kelly v. Douglas, 164 Miss. 153, 144 So. 237 (1932); King v. State, 137 Miss. 751, 102 So. 840 (1925). This is especially true where the suspension of sentence is prohibited by statute. 24 C.J.S. Criminal Law § 1618(2), at 872 (1961).
Moreover, habeas corpus proceedings cannot be used as a vehicle to appeal a case to this Court after time for appeal has expired, unless the sentence is void on its face. Kelly v. Douglas, 164 Miss. 153, 144 So. 237 (1932).
Unless we can say, therefore, that the second sentence was a modification of the first sentence, sentencing the appellant for the sale of marijuana, we must hold that the sentence for the sale of marijuana could not be suspended, and habeas corpus proceedings could not be used to free the prisoner. On the other hand, if the second sentence were a modification or correction of the first sentence, the court could suspend the sentence for possession of marijuana. Section 6866, Mississippi Code 1942 Annotated (1952), as amended by Ch. 450, § 1(a) [1966] Miss.Gen.Laws Vol. 1, at 857.
In Johnson v. State, 260 So.2d 436 (Miss. 1972) we were reminded of the rule that where there is substantial doubt as to which of two statutes is to be applied, the case will be referred to the statute which imposes the lesser punishment. [Citing Grillis v. State, 196 Miss. 576, 17 So.2d 525 (1944)] In the instant case, however, the doubt as to which statute applies arises, not from the statutes, but, rather, from the facts. We do not have a copy of the indictment in the record, so we do not know whether the defendant was charged with possession or with sale of marijuana. Both sentences are under the plea of guilty to the same indictment.
It has been said that a second sentence imposed without vacating a previous sentence is void. On the other hand, it has been held that the failure to specifically vacate a previous sentence inadvertently imposed will not invalidate the sentence finally imposed. cf. McCoy v. Jackson Roofing and Sheet Metal Co., 250 Miss. 883, 168 So.2d 524 (1964).
Moreover, it has been recognized that the vacation of a sentence need not be in express terms, but may be implied, and that the resentencing of a convict may constitute an implied revocation of the original sentence. See cases cited in 24 C.J.S. Criminal Law § 1587, at 589 (1961).
In keeping with our policy to refer a case to the statute most favorable to the prisoner, expressed in Johnson v. State, supra, and Grillis v. State, supra, we believe *468 the best policy for us to follow is to adopt the rule that a second sentence impliedly vacates the previous sentence made at the same term of court. We, therefore, hold that the second sentence for possession of marijuana in effect vacated the previous conviction and sentence for the sale of marijuana. We also hold that the judgment for the "possession of marijuana" was properly suspended by the trial judge to accord with Section 6866 Mississippi Code 1942 Annotated (1952), as amended by Ch. 450, § 1(a) [1966], Miss. Gen.Laws Vol. 1, at 857. It follows that the first revocation of the suspended sentence by the trial court was proper, so as to require the defendant to serve the full one year on the county farm for possession of marijuana.
In May, 1972, the Mississippi Legislature enacted new laws as to controlled drugs, making it a felony to manufacture, deliver, or to possess with intent to manufacture or deliver a controlled substance, but there was an exception as to marijuana. The material part of Section 6831-70, Mississippi Code 1942 Annotated (Supp. 1972) is in the following language:
"(d) It is unlawful for any person knowingly or intentionally to possess any controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this act. Any person who violates this subsection with respect to:
(1) A controlled substance classified in Schedules I or II as set out in Sections 6831-57 and 6831-58, Mississippi Code of 1942, except marihuana, is guilty of a felony and upon conviction may be imprisoned for not more than three (3) years, or fined not more than Three Thousand Dollars ($3,000.00), or both;
(2) (a) One (1) ounce or less of marihuana, upon conviction may be confined for not more than one (1) year in the county jail or fined not more than One Thousand Dollars ($1,000.00), or both.
(b) More than one (1) ounce of marihuana, upon conviction may be fined not more than One Thousand Dollars ($1,000.00), or confined in the county jail for not more than one (1) year, or both; or fined not more than Three Thousand Dollars ($3,000.00), or imprisoned in the state penitentiary for not more than three (3) years, or both." § 6831-70(d)(1), (2) (a) and (b), Miss. Code 1942 Ann. (Supp. 1972).
Section 6831-74(g), Mississippi Code 1942 Annotated (Supp. 1972), effective May 19, 1972, is in the following language:
"(g) Any person who was convicted and/or who is still serving a sentence in the Mississippi State Penitentiary for a first offense under any act hereunder repealed or amended may petition the court of original jurisdiction for resentencing under the provisions of this act." § 6831-74(g), Miss.Code 1942 Ann. (Supp. 1972).
At the time the petitioner was denied habeas corpus and sent to the penitentiary (January 16, 1973) he was eligible for resentencing under the provisions of the foregoing statute. It was stipulated in the record that he did not have more than one (1) ounce of marijuana in his possession. He had served one (1) year on the county farm. Under the new law made applicable to his case by the Legislature, appellant could not have received a sentence of more than one (1) year on the county farm and fine of one thousand dollars ($1,000.00). It is apparent that the Legislature intended to relieve prisoners who were serving a sentence under the previous law of possession of marijuana on the first conviction.
We hold, therefore, that the writ of habeas corpus was properly denied because the convict was in the lawful custody of the sheriff for the violation of his parole. On the other hand, we hold that the prisoner *469 was entitled to relief on his application to be resentenced and, since he has served the maximum jail sentence required by law, he must be released. No additional fine can now be required of the prisoner under Section 6831-70, Mississippi Code 1942 Annotated (Supp. 1972).
An order discharging and releasing the prisoner will therefore be entered in this Court.
Reversed and rendered.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.