337 So.2d 935 (1976)
Aaron CAIN
v.
STATE of Mississippi.
No. 49195.
Supreme Court of Mississippi.
October 5, 1976.
Robert E. Arrington, Hattiesburg, for appellant.
A.F. Summer, Atty. Gen. by Pete J. Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, ROBERTSON and LEE, JJ.
ROBERTSON, Justice, for the Court:
Aaron Cain was indicted, tried and convicted in the Circuit Court of Lamar County of the crime of grand larceny. The court imposed the following sentence:
"It is, therefore, hereby ordered and adjudged that the said defendant, Aaron Cain, be and he hereby is sentenced to serve five (5) years in Mississippi State Penitentiary, fined $1,000, all rights of parole and probation or early work release shall also be removed from said defendant... ."
The appellant, in his first assignment of error, says that the trial court erred:
"In not directing a verdict for the defendant when the State rested its case, and after the State and Defendant both rested their cases."
We have carefully reviewed the record and studied the briefs and are of the opinion that the trial court properly submitted the question of the guilt or innocence of the defendant to the jury to decide, and that there is ample evidence in the record to support the verdict of the jury.
In his second and third assignments of error, the appellant contends that the trial court erred:
"2. In allowing the Waiver of Search Warrant to be presented over objection of the Counsel for Appellant."
and
"3. In allowing the money obtained from said 518 Ferguson Alley, Hattiesburg, *936 Mississippi to be submitted as evidence over objection of counsel for Appellant."
Lucille Parker, the girl-friend of appellant, testified that she lived at 518 Ferguson Alley, Hattiesburg, Mississippi; that she paid the rent for her bedroom and kitchen and furnished her own groceries, and that Aaron Cain lived with her. She further testified that on December 14, 1974, the day after Cain had given her $80, she voluntarily signed a consent to search and waiver of search warrant for 518 Ferguson Alley. When her bedroom was searched on December 14, 1974, a total of $2740 was found in her room at 518 Ferguson Alley. $700.00 of this amount was found in the inside pocket of a suit coat in her closet, which coat belonged to defendant Aaron Cain.
United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), is dispositive of these two issues. In Matlock, the Supreme Court of the United States said:
"[M]ore recent authority here clearly indicates that the consent of one who possesses common authority over premises or effects is valid as against the absent, nonconsenting person with whom that authority is shared." 415 U.S. at 170, 94 S.Ct. at 993, 39 L.Ed.2d at 249.
Actually Cain testified that "I wasn't exactly staying with her" but would "come backward and forwards to see her but I really live in Poplarville". Cain also admitted on the witness stand that Lucille Parker rented the room at 518 Ferguson Alley. The trial court was correct in admitting into evidence the waiver of search warrant and the money found on the search of 518 Ferguson Alley.
In his last assignment of error, the appellant contends that the trial court did not have the authority to include this language in his sentence:
"[A]ll rights of parole and probation or early work release shall also be removed from said defendant. .. ."
In this contention he is correct. See Mississippi Code Annotated section 47-7-3 (1972).
In Bullock v. State, 222 So.2d 692 (Miss. 1969), and again in Royalty v. McAdory, 278 So.2d 464 (Miss. 1973), we held that where the trial court has included in a sentence conditions that it does not have authority to impose, that such portion of the sentence would be treated as surplusage and would not affect the enforcement of the valid portion of the sentence.
We, therefore, affirm that portion of the sentence ordering the defendant to serve a term of five years in the Mississippi State Penitentiary and imposing a $1,000 fine. The following language of the sentence will be deleted as surplusage: "[A]ll rights of parole and probation or early work release shall also be removed from said defendant". As thus corrected, the sentence is affirmed.
AFFIRMED AS CORRECTED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, SUGG, WALKER, BROOM and LEE, JJ., concur.