358 So.2d 1004 (1978)
Mack BROWN
v.
STATE of Mississippi.
No. 50368.
Supreme Court of Mississippi.
May 17, 1978.
Houghton F. Elias, Jr., Cleveland, for appellant.
A.F. Summer, Atty. Gen., by Robert D. Findley, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., WALKER and COFER, JJ., and PIGOTT, Commissioner.
JOE N. PIGOTT, Commissioner for the Court:[1]
This is an appeal from the retrial of Brown v. State, 340 So.2d 718 (Miss. 1976). The defendant was convicted in the Circuit Court of Bolivar County, Mississippi of the January 7, 1975 armed robbery of the Cleveland State Bank in Merigold, and sentenced to twenty-two (22) years in the custody of the Mississippi Department of Corrections and he appeals from that judgment. We affirm.
Appellant assigns the following as errors in the trial below:

*1005 1. The trial court erred in overruling appellant's objection to testimony in evidence resulting from the search of the appellant's mother's house.
2. The trial court erred in permitting continued references to appellant's co-indictee, Granville Wright.
Mr. Harry Speakes, manager of the Merigold Branch of the Cleveland State Bank, testified that two black males robbed the bank on January 7, 1975, and identified Mack Brown, whom he had previously known, as one of the robbers. Speakes described a long coat that he said was worn by the defendant Brown during the robbery and such a coat was obtained from the home of Brown's mother, with whom he resided.

WAS THE SEARCH OF THE HOUSE OF DEFENDANT'S MOTHER LAWFUL AND THE COAT FOUND THEREIN ADMISSIBLE IN EVIDENCE?
Deputy Sheriff Tom Hazzard testified that Emma Washington, mother of the defendant, voluntarily gave permission to search her residence. In searching the kitchen and laundry room, a long coat was found in a dirty clothes hamper. The coat was introduced in evidence and the defendant objected only as to the chain of custody of the coat since it had been obtained by Deputy Hazzard. The State's witnesses testified that the coat had been stored in the safe in the sheriff's office since possession had been obtained. The coat was admitted in evidence.
Consent to search voluntarily given without coercion may be given by a third party who possessed common authority, mutual use and joint control over property not in the exclusive control or possession of the defendant and where the defendant had no reasonable expectation of privacy. Haralson v. State, 318 So.2d 891 (Miss. 1975); U.S. v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974).
This case is distinguished from the case of May v. State, 199 So.2d 635 (Miss. 1967) where the 15-year old son merely acquiesced to the law enforcement officers in unlocking the front door to permit officers to enter and search the home for evidence to be used against the father charged in the death of the mother.
The consent must be shown to be voluntary and not coerced, by explicit or implicit means, and not a mere acquiescence to the claim of lawful authority. Bumpers v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968).
In the case of Stein v. U.S., 166 F.2d 851 (9th Cir.1948), cert. den. 344 U.S. 844, 68 S.Ct. 1512, 92 L.Ed. 1768 (1948), a man and woman lived together in a house purchased with money provided by the man, but with title in their joint names. They separated, the man locked the woman out of the house and he retained possession. The woman, with federal agents, broke a window and entered; she consented to a search and the evidence discovered was admissible against the man.
In Cain v. State, 337 So.2d 935 (Miss. 1976), the defendant's girl friend consented to a search of her apartment. The money found in a pocket of the defendant's suit coat hanging in her closet was admissible.
A brother's consent to search the back yard of the family residence for a pistol and clothing was sufficient authority as there was mutual use of the property by persons generally having joint access or control for most purposes. Loper v. State, 330 So.2d 265 (Miss. 1976).
In this case the mother of the defendant voluntarily gave permission and consent for the search of her residence and the coat was found in a dirty clothes hamper in the kitchen-laundry room, not in the exclusive personal domain of the defendant. The identification of the defendant as one of the robbers was positively made by an eyewitness independent of the admission of the coat in evidence.
We, therefore, hold that the search of defendant's mother's house was lawful and the coat found therein admissible.

DID THE TRIAL COURT ERR IN PERMITTING REFERENCE TO BE MADE TO THE DEFENDANT'S CO-INDICTEE, GRANVILLE WRIGHT?
*1006 This is not a circumstantial evidence case wherein the state tried to prove guilt by association, as may have been in Pryor v. State, 239 So.2d 911 (Miss. 1970) and Matula v. State, 220 So.2d 833 (1969). Here, there was testimony of Willie Davis that on the Sunday before the robbery the defendant borrowed from Willie Davis the pistol used by Granville Wright in the robbery. There was testimony of the eyewitness Harry Speakes positively identifying the defendant as the man who put the money inside his long coat while Granville Wright held the pistol on Mr. Speakes. No mention was made in this record as to the disposition of the charge as to the co-indictee Wright and the only references to the co-indictee Wright were necessary and proper in the separate trial of this defendant. We, therefore, hold that the trial court did not err in permitting references to be made to the co-indictee Wright.
This case should be and is hereby affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.