476 So.2d 22 (1985)
David Wayne SHAW
v.
STATE of Mississippi.
No. 54936.
Supreme Court of Mississippi.
September 18, 1985.
Thomas J. Lowe, Jr., James P. Streetman, III, Barnett & Streetman, Jackson, for appellant.
Bill Allain, Atty. Gen. by Catherine Walker Underwood, Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and DAN M. LEE and ANDERSON, JJ.
ANDERSON, Justice, for the court:
This appeal is from a conviction rendered in the Circuit Court of Hinds County, First Judicial District, wherein David Wayne Shaw was found guilty of possession of more than one kilogram of marijuana with intent to deliver. From a sentence of twenty years and a $5,000 fine, Shaw prosecutes this appeal. We affirm.
On November 9, 1982, David Shaw, the appellant, enlisted the services of Carl Harper to drive him to the Coliseum Ramada Inn in a car rented to Shaw's wife. Shaw was to meet with an Officer Campbell, a narcotics officer of the Jackson Police Department, regarding information that Shaw might provide on drug activity in the Jackson area. Shaw and Campbell, who had never met before, were to meet in the lobby of the inn later that evening. Harper drove Shaw to the meeting place as requested because Shaw had no driver's license.
Shaw and Harper were spotted driving into the Ramada Inn parking lot about 6 p.m. by Marion Ingram, a Jackson Police Department officer reporting to work at the motel as a security officer. Ingram noted that the defendants parked an unusually long distance from the motel's entrance, although much more convenient *23 parking was available. Harper emerged from the car, went directly to the lobby, and registered, while Shaw got out and approached Officer Ingram, who was dressed in his Jackson Police Department uniform. Apparently, upon realizing that Ingram was not the officer he was to meet, Shaw simply spoke, then turned and went into the lobby. Ingram became suspicious; upon entering the motel he discovered that the two persons had made and received an inordinate number of phone calls. Moreover, in the lobby they acted as if they were not acquainted. During one of the phone calls, Ingram heard Shaw give his name as Singleton. He also learned that Harper had signed the register as "Michael McDonald", a known drug violator, with whom the officer was acquainted.
Ingram then summoned Detective Gardner of the Jackson Police Department narcotics division. Gardner responded. As the officers talked, Harper left unnoticed in the car, allegedly to go to a local store. At the same time, unknown to the officers, Officer Campbell arrived for the pre-arranged meeting. He took Shaw riding in his car while they discussed the information Shaw might provide. Upon their return to the motel parking lot, they were approached by the officers, who informed Campbell of their suspicion that Shaw and Harper were involved in some illegal activity. Campbell, with Shaw still in the car, proceeded to the notrh end of the parking lot, so that Harper would not detect them upon his return. The officers then questioned Shaw regarding any involvement in criminal activity. Shaw denied any such activity and voluntarily gave the officers permission to search his room and the car when it returned. Shortly thereafter, Harper returned to the motel lot in the car. Shaw stepped from Campbell's car and tried to wave Harper away, but Harper apparently did not see him. As he parked the car, the police immediately intercepted him, blocking the car in the parking space. Harper told the police that the car did not belong to him and then gave them the keys and consented to their request to search the automobile.
In the trunk, the agents found more than 50 one-pound bags of marijuana valued in excess of $36,000. They placed Harper under arrest. Shaw attempted to run, but was promptly apprehended.

POINT I.
The appellants contend that the trial court erred in refusing to suppress evidence of marijuana found in the trunk of defendant's car on the grounds that it was the fruit of an unreasonable search and seizure. We disagree.
The appellant in his oral argument cited Penick v. State, 440 So.2d 547 (Miss. 1983), which was decided less than one month after the present case was filed with this Court. Penick, a known drug informer, was detained in an airport police office because he acted nervously upon seeing certain narcotics agents. He was confined to the office and subsequently gave police consent to be searched, because he said he thought he had no choice. This search yielded a claim ticket, which resulted in the discovery of marijuana in his baggage. This Court held that the strict confinement during custodial interrogation served to nullify Penick's consent.
The Penick case is easily distinguished from the case sub judice and does not apply. Penick involved restrictive confinement and search of the defendant's person without probable cause. In this case there was no such confinement. Shaw was in the police car at his own request, with no evidence offered that he remained there due to any type of duress or coercion. Furthermore, this case involves a search pursuant to probable cause and the valid consent of a third person. However, whereas Penick involved the search of a person, this case involves the search of an automobile, involving a lower standard.
The appellant apparently overlooks the fact that he gave consent to search the automobile himself. More importantly, even if the appellant had not given consent, *24 the consent of Harper, who had lawful possession of the car, was sufficient to validate the search. Shaw had given Harper the keys and requested that he drive the car; nor had he asked that the keys be returned. It would appear under the circumstances that the appellant had no reasonable expectation of privacy in the automobile. In Brown v. State, 358 So.2d 1004 (Miss. 1978), we held that:
Consent to search voluntarily given without coercion may be given by a third party who possessed common authority, mutual use and joint control over property not in the exclusive control or possession of the defendant and where the defendant had no reasonable expectation of privacy. Haralson v. State, 318 So.2d 891 (Miss. 1975); U.S. v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). (358 So.2d at 1005).
In light of all the facts, the appellant cannot argue that Harper had no authority to give consent.
The appellant took every opportunity to get the attention of the police and help establish probable cause. It is reasonable to assume that an officer's attention will be drawn to a stranger who promenades up to him and then simply speaks, turns abruptly and goes another way. This was then followed by further suspicious behavior including the numerous phone calls and the use of a name well known in drug circles. The appellant gave a detailed description of local drug activities to a narcotics agent and heightened his appearance of guilt by trying to wave away the car containing the contraband. All of these facts taken together surely furnished sufficient probable cause.
This Court finds that the facts are sufficient to support the verdict of the jury and that the verdict was not against the overwhelming weight of the evidence.
We also conclude it necessary to address a point not assigned as error. Prior to trial, the appellant filed a motion to suppress evidence of the marijuana found in the car. At the pre-trial hearing on the motion, the appellant attempted to offer the testimony of a police officer on the motion, but did not offer to testify himself. The trial court instructed the appellant to put what he intended to prove in the record because the trial court intended to overrule the motion without hearing any testimony. This Court readily recognizes the manifold burdens and responsibilities incumbent upon the trial court. Nevertheless, we would urge that where a criminal defendant attempts to make an offer of evidence or witnesses at such a hearing, the court should make every effort to hear that evidence. However, since this issue was not raised on direct appeal, we need not address it further.
In view of the foregoing facts and circumstances, the judgment of the circuit court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P. JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.