ISHEE, J.,
for the Court:
¶ 1. John Edward Johnson (Johnson) was convicted in the Circuit Court of Jackson County, Mississippi, on March 5, 2008, of murder and sentenced to life in the custody of the Mississippi Department of Corrections (MDOC). Johnson appealed, arguing there was insufficient evidence to support the verdict, and the verdict was against the overwhelming weight of the evidence. This Court reversed the murder *518 conviction and remanded for re-sentencing on the lesser-included offense of manslaughter. The circuit court then re-sentenced Johnson for manslaughter to twenty years in the custody of the MDOC.
¶ 2. Johnson now challenges the twenty-year sentence, claiming that the circuit court committed reversible error by omitting the crime for which he was convicted in the sentencing order. He also contends that this Court should have ordered a new trial instead of remanding the case for re-sentencing under the lesser-included offense of manslaughter, and he maintains that the jury’s finding of guilt was improper. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 8. During an altercation on November 21, 2003, Johnson shot and killed his daughter’s boyfriend, Keith Franklin (Franklin). After a jury trial, Johnson was found guilty of depraved-heart murder on March 5, 2008, and sentenced to life in the custody of the MDOC.
¶ 4. Johnson appealed the conviction, arguing that there was insufficient evidence to support a verdict of depraved-heart murder, and the verdict was against the overwhelming weight of the evidence. Because he shot Franklin in the heat of passion, Johnson claimed that he was, at most, guilty of manslaughter. Johnson also contended that he shot Franklin in self-defense, and the State failed to prove that he did not act in self-defense.
¶ 5. This Court found that the verdict was against the overwhelming weight of the evidence and reversed the judgment. Using the “direct remand” rule, we remanded the case back to the circuit court to re-sentence Johnson for the lesser-included offense of manslaughter.
¶ 6. The circuit court held a re-sentencing hearing on January 14, 2010. Johnson was represented by counsel at the hearing. Pursuant to our ruling, the circuit court re-sentenced Johnson for manslaughter and ordered him to serve twenty years in the custody of the MDOC.
¶ 7. Johnson filed a motion for a new trial on February 3, 2010, claiming that: the circuit court’s re-sentencing order did not state that he was guilty of manslaughter, and this Court’s finding that he was guilty of manslaughter was void. On March 1, 2010, the circuit court overruled the motion for a new trial, and Johnson timely filed a motion to appeal his conviction for manslaughter with this Court. Johnson also filed a petition for rehearing on February 19, 2010, with this Court, which was denied because the petition was untimely filed under Mississippi Rule of Appellate Procedure 40.
¶ 8. In addition, Johnson also argues that a time sheet unfairly prejudiced him because it incorrectly listed the crime for which he was convicted. A time sheet from the MDOC on February 2, 2010, listed Johnson’s sentence as twenty years for the crime of “Homicide/Murder.” Johnson brought the error to the attention of the circuit court and requested that the court send an amended order to the MDOC to correct the charge to read “manslaughter,” instead of “Homicide/Murder.” The circuit court filed an order on March 24, 2010, which re-stated that Johnson was originally found guilty of depraved-heart murder, but he was re-sentenced to a term of twenty years for manslaughter.
DISCUSSION
¶ 9. Johnson argues that the sentencing order is invalid because the order omitted the crime for which he was convicted. Johnson is incorrect in this regard. The re-sentencing order filed on January 14, *519 2010, clearly states the following information in the heading: the case number, Johnson’s name, and “MANSLAUGHTER (AS PER COURT OF APPEAL’S [sic] RULING).” The order also notes that Johnson appeared with his counsel at the hearing and that Johnson was re-sentenced to a term of twenty years in the custody of the MDOC. Thus, Johnson’s argument is without merit.
¶ 10. In his reply brief, Johnson questions the jury’s verdict and requests a new trial because this Court “did not go far enough in correct [sic] the verdict of the Jackson County jury.” Johnson maintains that he acted in self-defense when he shot Franklin and that the evidence supporting his defense was “overlooked by the [j]ury in [his] trial, and as such, requires a new jury to determine Johnson’s true culpability.”
¶ 11. A jury found Johnson guilty of depraved-heart murder. This Court reversed the verdict and, under the direct-remand rule, remanded Johnson’s case back to the circuit court for re-sentencing under the lesser-included offense of manslaughter. Johnson v. State, 52 So.3d 384, 396 (¶ 37) (Miss.Ct.App.2009). An appellate court “may remand a case to the trial court for sentencing on a lesser-included offense where the greater offense was not proved, but the elements of the lesser-included offense were sufficiently met.” Id. at (¶ 36) (citing Shields v. State, 722 So.2d 584, 587 (¶ 7) (Miss.1998)). “A new trial is appropriate where the possibility of guilt still exists for both the principal and the lesser-included offense.” Id. (citing Wade v. State, 748 So.2d 771, 775 (¶ 14) (Miss.1999)).
¶ 12. In Johnson’s first appeal, this Court noted that Johnson lacked malice aforethought or wanton recklessness when he shot Franklin. Id. at (¶ 37). Thus, we held that the killing “was more appropriately a killing in the heat of passion or a situation of imperfect self-defense,” which warranted a guilty verdict for manslaughter instead of depraved-heart murder. Id. Because the elements of manslaughter were sufficiently met, this Court properly remanded the case to the circuit court for re-sentencing under the lesser-included offense.
¶ 13. In the present appeal, Johnson again maintains that he acted in self-defense when he shot Franklin and that the jury overlooked evidence to support his theory of self-defense. However, Johnson is procedurally barred from raising the same issues that have already been decided by this Court on direct appeal. Miss.Code Ann. § 99-39-21(3) (Rev.2007). The doctrine of res judicata prohibits one from raising the same issues on appeal that have already been decided at trial and on direct appeal, without demonstrating cause and actual prejudice. Id. Johnson has been afforded an opportunity to contest the verdict of his trial for murder, and this Court reversed his conviction and ordered him to be re-sentenced for manslaughter. He raises no new assignments of error on the present appeal. Therefore, Johnson is not entitled to relief, and his claims are barred from review by res judi-cata. Accordingly, this issue is procedurally barred.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ROBERTS, *520 CARLTON AND MAXWELL, JJ„ CONCUR. RUSSELL, J., NOT PARTICIPATING.