GRIFFIS, P.J.,
for the Court:
¶ 1. Glen Conley was convicted of capital murder and sentenced to life imprisonment without the possibility of parole. Conley v. State, 790 So.2d 773, 779 (¶ 1) (Miss.2001). Here, he appeals the denial of a parole-eligibility date.
¶ 2. The murder for which Conley was convicted was committed on May 23, 1994. At that time, there were only two penalties for capital murder under Mississippi Code Annotated section 99-19-101 (Rev.2007): death and life with the possibility of parole. Before he was convicted, section 99-19-101 was amended to include life without parole.
¶ 3. Conley was charged with capital murder under Mississippi Code Annotated section 97-3-19(2) (Rev.2006). On July 3, 1998, Conley was convicted and sentenced to serve a term of life without parole, pursuant to section 99-19-101. Conley appealed his conviction and sentence. He asserted that his sentence of life without the possibility of parole was a violation of the prohibition against applying laws ex post facto. The Mississippi Supreme Court disagreed and found the claim lacked merit, and his conviction was affirmed. Conley, 790 So.2d at 804 (¶ 123).
¶4. Conley asked the Mississippi Department of Corrections (MDOC) for a parole-eligibility date. When this request was denied, Conley utilized the MDOC Administrative Remedies Program to ask for a parole-eligibility date. This request was also denied. Conley appealed this decision to the circuit court. On November 1, 2012, the circuit court dismissed his appeal. Conley now argues on appeal that his sentence is unconstitutional as a violation of the Ex Post Facto Clause.
¶ 5. Because the Mississippi Supreme Court already reviewed and affirmed the trial court’s decision in Conley, 790 So.2d at 804 (¶ 123), Conley is barred from relit-igating the issue under the doctrine of res judicata.
¶ 6. This Court, in Johnson v. State, 79 So.3d 516, 519 (¶ 13) (Miss.Ct.App.2011), stated: “The doctrine of res judicata prohibits one from raising the same issues on appeal that have already been decided at trial and on direct appeal, without demonstrating cause and actual prejudice.” (Citing Miss.Code Ann. § 99-39-21(3) (Rev. 2007)). The supreme court has stated:
Generally, four identities must be present before the doctrine of res judicata will be applicable: (1) identity of the subject matter of the action, (2) identity of the cause of action, (3) identity of the parties to the cause of action, and (4) identity of the quality or character of a person against whom the claim is made.
State v. Pittman, 744 So.2d 781, 785 (¶ 10) (Miss.1999) (quoting Norman v. Bucklew, 684 So.2d 1246,1253 (Miss.1996)).
¶ 7. Res judicata shall be applied “to all issues, both factual and legal, decided at trial and on direct appeal.” Miss.Code Ann. § 99-39-21(3). In Jordan v. State, 918 So.2d 636, 658 (¶ 65) (Miss.2005), Jordan argued that he was less culpable than his codefendant, and his sentence was dis *717 proportionate in comparison. The court stated:
First, we find that the proportionality question was decided in Jordan’s direct appeal. There, this Court reviewed the proportionality of Jordan’s death penalty and found that the sentence was not disproportionate when compared to other death penalty situations. Therefore, the issue of the proportionality of the sentence of death in this case is res judicata.
Id. at (¶ 66) (citations omitted).
¶ 8. Here, in his direct appeal, Conley asked the supreme court to consider this very issue. The court stated:
With regard to sentencing instructions, Conley assigns three points of error. First, he argues that Instructions SS-1 and SS-2, regarding the weighing of aggravating and mitigating circumstances, are in conflict with each other. Second, he asserts that the court’s denial of Instruction DS-13 and its modification of DS-12 wrongfully eliminated the jury’s consideration of a life sentence with the possibility of parole. Third, he contends that these errors in instruction resulted in an ex post facto sentence.
Conley, 790 So.2d at 802 (¶ 111). The court ruled on Conley’s ex post facto argument:
The alleged crime for which Conley was convicted occurred on May 22, 1994. At this time two sentencing options were available under [section] 97-3-21: death or life in prison. That provision was amended in July, 1994, to allow the option of life in prison without parole.
Instructions DS-12 and DS-13 provide that the jury should consider both life imprisonment with the possibility of parole and life in prison without the possibility of parole. The court denied DS-13 and amended DS-12 to exclude the “life with the possibility of parole” option. Conley asserts that, as a result, the jury was not properly instructed. The State rebuts that it would have been improper for the court to allow an instruction informing the jury of parole options.
The jury was unable to reach a verdict as to sentence in this case; so the trial court sentenced Conley to life without parole, a punishment that was not permitted under the statute in effect when the crime was committed. Thus, Conley alleges an ex post facto problem with his sentence.
An [E]x [P]ost [F]acto [C]lause violation may be avoided by charging and sentencing the defendant according to the statute applicable at the time of his offense.
In Tubwell v. Anderson, 776 So.2d 654, 660 [ (¶ 16) ] (Miss.2000), this Court examined the United States Supreme Court’s holdings regarding the [E]x [P]ost [F]acto [C]lause:
The U.S. Supreme Court has held that the Ex Post Facto [C]lause is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts. The United States Constitution forbids the application of any new punitive measure to a crime already consummated. A statute may violate the Ex [P]ost [FJacto Clause even if it alters punitive conditions outside the sentence or where it substantially alters the consequences attached to a crime already completed, and therefore changes the quantum of punishment.
Applying this analysis to the case at bar, one could, at first glance, conclude that Conley’s rights have been violated. Offering his jury the sentencing option of “life without the possibility of parole,” which was unavailable at the time his *718 crime was consummated, works to change “the quantum of punishment” against Conley.
However, we have held that statutory amendments which are ameliorative or procedural do not violate the prohibition against ex post facto laws.’ West v. State, 725 So.2d 872, 879 (¶ 17) (Miss. 1998). Further, we have reasoned that a sentence of life without parole is ameliorative (and thus does not pose an ex post facto problem) in that it provides a punishment less harsh than death.
The State asserts that Conley waived his ex post facto claim. The State contends that this waiver is evidenced in three ways. First, the State asserts that Conley’s submission of Instructions DS-12 and DS-13, which contained the life-without-parole option, shows that Conley wanted the jury to consider this option. Second, the State points out that in closing arguments the trial defense counsel stated, “And I ask you to spare Glen Conley’s life. Do not sentence him to death-sentence him to life without parole or probation. Do not sentence him to death.” Third, during- sentencing deliberations, the jury submitted a note to the trial judge asking: “Does it mean when the jury can’t agree, will Glen Conley get life in prison, with the chance of parole, or without?” The question was read aloud. The trial judge then asked if there would be an objection to his answering: “life without parole.” The State accurately notes that no objection was made.
In [Barnett v. State, 725 So.2d 797, 801-02 (¶ 24) (Miss.1998) ], we found that a defendant had waived his ex post facto sentencing claim by failing to object at trial. Barnett, like Conley, was sentenced to life without parole even though that punishment was not permitted under the statute in effect at the time his crime was committed. We found that Barnett was aware that the sentencing option of life without parole would be given to the jury and that he relied upon the option to escape the harsher penalty of death. This Court stated, “We refuse to allow Barnett to now claim that a life without parole sentence violates ex post facto laws.” Id. Although Barnett, again like Conley, had raised the ex post facto violation in his motion for new trial, we held “that even then it was not timely — given that the verdict had already been returned.” Id.
Based on our holdings in West and Barnett, we find Conley’s ex post facto claims to be without merit.
Conley, 790 So.2d at 803-04 (¶¶ 115-23) (citations and internal quotation marks omitted).
¶ 9. Conley admits that his direct appeal considered this very issue. Now, however, he contends that this appeal is a civil claim of equal protection of the law rather than a criminal issue involving ex post facto claims. We disagree.
¶ 10. Finding no merit, we affirm the circuit court’s judgment.
lili. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.