ON WRIT OF CERTIORARI

COLEMAN, Justice,
for the Court:
¶ 1. The Circuit Court of Sunflower County sentenced Glen Conley to life without parole. Conley seeks judicial review of the parole board’s refusal to give him a parole eligibility date. We hold that the parole board lacked the authority to review his sentence of life without parole. Thus, although under different reasoning, we affirm the dismissal of his claim by the Sunflower County Circuit Court and the Court of Appeals.

FACTS AND PROCEDURAL HISTORY

¶ 2. The circuit court convicted Conley of capital murder on July 3, 1998. The jury failed to return a unanimous sentence; therefore, the trial judge sentenced him to life without parole. Conley appealed. He argued that the only available sentences at the time of his crime were life and death and that his sentence of life without parole violated the Ex Post Facto Clause of the United States Constitution. Conley v. State, 790 So.2d 773, 803-04 (¶¶ 115-23) (Miss.2001). The Court found Conley’s ex post facto claims to be without merit. Id. at 804 (¶ 123).
¶ 3. The case sub judice arises from Conley’s unsuccessful attempt to seek a parole eligibility date. After exhausting all administrative remedies through the Department of Corrections for his denial of a parole eligibility date, Conley sought judicial review in the Circuit Court of Sunflower County. The court dismissed his complaint because he presented insuffi- *704 eient evidence as to whether he was entitled to parole eligibility. Conley appealed, and we assigned his case to the Court of Appeals. The Court of Appeals held the doctrine of res judicata barred Conley’s petition, and his claim was without merit. Conley v. Epps, No.2012-CP-01914-COA, 150 So.3d 715, 716-18, 2013 WL 6233895, **1-4 (Miss.Ct.App. Dec.3, 2013). Conley then petitioned for writ of certiorari and we granted it. Under different reasoning than that of the Court of Appeals, we affirm.

STANDARD OF REVIEW

¶ 4. Whether the parole board had the authority to review Conley’s sentence of life without parole is a question of law. When a question of law is raised, the standard of review is de novo. See Brown v. State, 731 So.2d 595, 598 (Miss.1999).

DISCUSSION

Whether the parole board had the authority to review Conley’s sentence of life without parole.
¶5. By applying the doctrine of res judicata, the Court of Appeals treated Conley’s complaint as a petition for post-conviction relief. Conley, 150 So.3d at 716-18, 2013 WL 6233895, at **1-4. Treating Conley’s complaint as a petition for post-conviction relief was inappropriate because Conley sought judicial review—an appeal—of the parole board’s denial of his application for a parole eligibility date. However, we note that Conley’s instant claim mirrors his direct appeal in 2001. See Conley, 790 So.2d at 803-04 (¶¶ 115-23). He restates his original ex post facto claim by articulating in his complaint that the Department of Corrections’ decision to enforce an illegally imposed sentence is a denial of due process. Thus, once again, Conley attacks the legality of his sentence,
and the Court will not reconsider the legality of his sentence.
¶ 6. Aside from his ex post facto claims, Conley argues that, when the language in a trial court’s sentencing order revokes parole eligibility without the lawful authority to do so, the parole board may disregard that portion of a sentencing order as mere surplusage. See Brown, 731 So.2d at 598-99; Kincaid v. State, 711 So.2d 873, 876 (Miss.1998); Temple v. State, 671 So.2d 58, 59 (Miss.1996); Cain v. State, 337 So.2d 935, 936 (Miss.1976). However, Conley misinterprets the Court’s holdings in the above referenced cases.
¶ 7. Conley correctly contends that, when a trial judge’s parole limitation is illegal, the parole board may strike the parole limitation language as mere sur-plusage and affirm the remainder. However, a court—such as the Mississippi Supreme Court—must first determine that the parole limitation is illegal. See Broum, 731 So.2d at 599 (holding that the trial court had no authority to revoke Brown’s parole eligibility, thus the “completely served” language in Brown’s sentence is surplusage) (citing Cain, 337 So.2d at 936; Kincaid, 711 So.2d at 876; Gardner v. State, 514 So.2d 292, 294 (Miss.1987)). In other words, the Court does not empower the parole board to determine whether the trial judge had the lawful authority to revoke parole eligibility, but, when a court determines the trial judge’s parole limitation is illegal, the parole board may then strike the parole limitation language as mere surplusage. In Conley’s 2001 appeal, the Court did not find the language of the trial judge’s sentence to be illegal; therefore, the instant case is without merit. See Conley, 790 So.2d at 803-04 (¶¶ 115-23).

CONCLUSION

¶ 8. The Court of Appeals erred by addressing Conley’s claim as an ex post *705 facto claim. However, the Court of Appeals reached the right result in affirming the dismissal of Conley’s claim because the parole board did not have the authority to grant the relief Conley requested. Thus, we affirm both the dismissal of Conley’s appeal and the judgment of the Court of Appeals.
¶ 9. AFFIRMED.
WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ, LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR. DICKINSON, P.J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS AND KING, JJ,