McDONALD *v.* STATE.*

(Division B. Nov. 5, 1928.)

[118 So. 628. No. 27346.]

*Corpus Juris-Cyc References: Criminal Law, 16CJ, section 728, p. 396, n. 88; section 730, p. 397, n. 6; p. 398, n. 12; 17CJ, section 3575, p. 229, n. 33; On the general rule as to right to withdraw plea of guilty, see annotation in 20 A. L. R. 1445; 8 R. C. L. 111; 2 R. C. L. Supp. 551; 4 R. C. L. Supp. 524; 5 R. C. L. Supp. 445; 7 R. C. L. Supp. 261.

*Franklin, Easterling & Fox,* for appellant.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

568

ETHRIDGE, P. J. The appellant was indicted in the circuit court of Forrest county for the burglary of a storehouse situated in Hattiesburg, Miss., and the taking therefrom of eight automobile casings of the value of more than twenty-five dollars, being the property of L. S. Domergue, trading as the Re-Tire Company. The indictment also charges that the house burglarized was the property of A. O. Clark, leased and operated by L. S. Domergue, trading as the Re-Tire Company.

The appellant pleaded guilty to the said charge and proof, and was sentenced to a term of two years in the state penitentiary. Thereafter he filed a petition to set aside the plea of guilty so entered, and to be permitted to plead not guilty, and to be granted a trial by jury.

In the motion to set aside it was alleged that he was shell-shocked in the World War, resulting in permanent physical and mental impairment, and that on the 3d day of November, 1927, he was in an airplane casualty, resulting in five broken ribs, cuts, bruises, and other injuries, rendering him unconscious for several days. He was placed in the county jail, and kept in close confinement, and under the treatment of a physician from the 7th day of January, 1928, until the indictment was rendered. As the result of his injuries he was easily frightened, and was made to plead guilty against his will and against his legal rights; that he was called upon to plead his indictment without having an attorney, and pleaded not guilty; but he then employed an attorney, after which employment, on the 17th day of April, he was carried to the courthouse and there kept for some time; that he was exceedingly nervous, his mind being greatly agitated; and that his attorney came into the courtroom, spoke to

the judge of the court, and called the appellant into an anteroom, and informed him that he could do nothing for him—that he had talked to the court—and directed him to go in there and plead guilty, when he would be given a sentence of two years; but that if he fought the case the court would give him five years, and could give him seven; that he was greatly unnerved by this, and acted upon the advice given, and entered a plea of guilty.

He further alleges that he had no intention of violating the law in connection with the subject-matter of the indictment, and is advised and believes that he is not guilty of the burglary and larceny charged against him, and that his connection with the whole affair was with the knowledge, consent, and acquiescence of one of the owners of the Re-Tire Company, and that he was thoroughly unacquainted with court procedure, and in a weak and impaired physical and mental condition, and in ignorance of his rights, and of the consequences; and because of the influences brought to bear upon him, as above alleged, he was induced to withdraw his plea of not guilty and enter a plea of guilty.

It is stated that the appellant, who did not testify on the motion, but made affidavit to the facts stated therein, was a nontalkative kind of person, and refused to discuss the charge with his mother and sister and brother-in-law, and also that he refused to talk to his attorney in their presence, prior to entering the plea of guilty. His brother-in-law and mother testified that when his attorney gave him the advice to enter the plea of guilty, as he could do nothing for him, he turned pale and became highly nervous, but did not make any statement. It was further shown on the motion that, if the appellant was granted a trial, he expected to show that he became acquainted with a young lady related to Chick Domergue, a brother of L. S. Domergue, and the said Chick Domergue and his sister-in-law, the young lady aforesaid, proposed to the appellant that they desired to take some

casings out of the storehouse but did not want it known, and he was asked to go with the young lady for that purpose; that she had that day rented a house some five miles outside of the city of Hattiesburg to be used as a roadhouse, and the cases were to be carried there, and she proposed in the presence of Chick Domergue that he go with her. They proposed to bore a hole in the door and leave the impression that a burglary had been committed; they did not want it known that they had removed the tires from the building; and appellant, in company with her, and at the instigation of Chick Domergue, did move the said tires.

The sheriff testified that he arrested the appellant, and that the latter admitted to him that he was the guilty party, and had part of the tires in his possession, and told the sheriff where the rest would be found, and they were found at such place; that the appellant told him he was alone; and that this confession was freely and voluntarily made.

It was also testified by the mother and brother-in-law that when they urged appellant to tell them the facts about the matter, he would merely say, "What's the use to get someone else in trouble when laid on me?" and that he would never tell anything.

The motion to set aside was made by a different attorney from the one first employed, and it was only after the employment of this latter attorney, according to the testimony of the mother and brother-in-law of the appellant, that he would talk to them about the facts of the case.

The trial judge refused to set aside the plea of guilty, and the appeal was prosecuted on that ruling.

Where pleas of guilty are entered, it is usually in the legal discretion of the trial judge to set aside, or refuse to set aside, a plea of guilty and enter plea of not guilty, and this court will only reverse the action of the trial judge where it appears that he has manifestly abused

this legal discretion. We do not think that the facts stated in the record, on motion for leave to withdraw the plea of guilty and enter a plea of not guilty, make out a case of mental irresponsibility. It cannot be said, from the evidence produced, that the appellant did not know right from wrong. It rather appears, we think, from the sheriff's testimony, that he was legally responsible. It must be borne in mind that the appellant had an attorney, and that such attorney did not think there was any defense to the crime charged against the appellant. The circuit judge had the appellant before him. He knew all the pertinent facts, we presume, incident to the charge at the time the plea of guilty was entered, and he was certainly in better position to judge of the appellant's mental condition, and the probable outcome of a trial by jury, than we are, with merely the printed record before us. We cannot say that the trial judge was manifestly wrong in his ruling, from the record before us. We must presume, in the absence of an express showing to the contrary, that an attorney representing a defendant, and having said defendant enter a plea of guilty, acted in good faith, and for a sufficient reason. We are therefore unable to reverse the judge in his ruling, and the judgment will be affirmed.

*Affirmed.*