## CRUMP *v*. TRAPP, Sheriff.

In Banc. Nov. 8, 1948.

No. 36913 (36 So. (2d) 459)

Claude F. Clayton, and Floyd W. Cunningham, for appellant.

910

**George H. Ethridge**, Assistant Attorney General, for appellee.

**Griffith, C. J.**

At the May 1942 term of the Circuit Court of Lee County, appellant was indicted for grand larceny, and at a later day in the term the following order was entered by the court:

"Defendant herein being arraigned in open court on indictment wherein he is charged with the crime of grand larceny and for plea thereto say he is guilty as charged. It is further order that sentence be and is hereby deferred indefinitely on recommendation of the district attorney to be imposed in term time or in vacation as and when the court may see fit."

On an information filed by the district attorney returnable to the May 1947 term of the said court, appellant was brought before the court, and, at December 1947 term of the court, the sentence was imposed of two years in the penitentiary. On the same day appellant presented his petition in habeas corpus, praying judgment that he be released from custody on the ground that by reason of the delay of five years in imposing sentence, the court had lost jurisdiction and that the sentence lately pronounced was void. The court denied the petition and remanded appellant to the custody of the sheriff.

 There was no statutory authority for suspension of sentence in felony cases either in 1942 or at any time since. There is considerable authority, perhaps the weight thereof, which would sustain the contention of appellant; but the course of our decisions has been, on principle, to the contrary. We are of the opinion that the true rule is stated in Miller v. Aderhold, 288 U. S. 206, 53 S. Ct. 325, 77 L. Ed. 702, citing one of our cases, that a final judgment in a criminal case means sentence, and that in a felony case an order purporting to entirely postpone sentence has the effect to keep the case in court until finally disposed of by the entry of the order of sentence. It may be that when appellant was brought in for sentence he could have moved to be allowed to withdraw his plea of guilty, but he made no such motion or request in this case.

Affirmed.