[Crim. No. 3611.   First Dist., Div. Two.   Dec. 17, 1959.]

THE PEOPLE, Respondent, v. CARLISLE CLARK, Appellant.

---

*Assigned by Chairman of Judicial Council.

Edward Solomon, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Assistant Attorney General, Arlo E. Smith and Joseph I. Kelly, Deputy Attorneys General, for Respondent.

DRAPER, J.— A jury found defendant guilty of burglary of the second degree. He appeals from the ensuing judgment. He does not, and reasonably could not, contend that the evidence is insufficient to sustain the verdict. Rather, his principal assignments of error have to do with the legal advice given him in the course of trial.

Before arraignment in the superior court, and on several occasions thereafter, defendant stated that he did not desire to be represented by the public defender, but preferred to act as his own attorney. The court pointed out that the public defender's office is a good one, and at least twice stated to defendant that he would be at a disadvantage in representing himself. He persisted. Before trial, the court, with the full assent of defendant, appointed the public defender to represent him in an advisory capacity only.

On the morning of trial, out of the presence of the prospective jurors, a deputy public defender moved to withdraw defendant's denial of three prior convictions charged in the information, and to substitute an admission thereof. Defendant joined in this request. Thereafter, the court stated that if the priors were denied, they could be proven before the jury. On the third day of trial, defendant announced that he would testify. The court advised him that he was not required to take the stand, that if he did so anything he said could be considered by the jury, and that he would subject himself to cross-examination. He nonetheless elected to testify. The deputy public defender then present with him was not the same deputy who had moved to withdraw the denial of priors. On cross-examination, defendant admitted the three prior convictions. Defendant contends that these circumstances "constitute a violation of the privilege against self-incrimination," and also amount to "a lack of representation by counsel."

Of course, a waiver of counsel, to be effective, must be intelligent and competent. (*People* v. *Chesser,* 29 Cal.2d 815, 821-822 [178 P.2d 761, 170 A.L.R. 246].) There can be no doubt that this defendant's waiver meets these requirements. Two judges separately pointed out to him the advantages of representation, and sought to persuade him to accept appointment of the public defender. He persisted in his desire to represent himself, stating that he had made some study of the law. Neither the facts nor the law of this case were complicated. Defendant's three prior convictions imply some knowledge of court procedure. As a matter of absolute right defendant, being financially unable to employ counsel, had but two choices. He could accept the court's offer to appoint competent counsel, or he could elect to represent himself. Having made the latter election, he must expect to be treated as having "the qualifications and responsibilities concomitant with the role he has undertaken." (*People* v. *Mattson,* 51 Cal.2d 777, 794 [336 P.2d 937].) He had no right to appointment of counsel to act in an advisory capacity only. The appointment of counsel to act in this limited capacity has been criticized as an undue limitation upon counsel (*People* v. *Mattson, supra*), but it certainly has no adverse effect upon the rights of the party where, as here, he has fully consented to the appointment. Thus the trial court afforded defendant more, rather than less, than he was entitled to. He cannot complain of any lack of representation.

As to the claimed self-incrimination, the only showing in the record is the unsworn statement made by defendant on motion for new trial. Even that statement claims only that the public defender advised him to testify, and that this prejudiced his case. It contains no assertion of any lack of advice as to the scope of cross-examination. Thus the record wholly fails to show any basis for the present claim. Further, the court properly instructed the jury that the evidence of prior convictions was to be considered only in judging the credibility of the defendant as a witness.

It would be difficult, in any event, to find prejudice to defendant. The prosecution's case was a strong one, and indicated that defendant's ineptitude in burglary far exceeded his shortcomings as a lawyer. There was little room for choice as to his taking the stand.

The trial court was under no duty to advise defendant that he could be cross-examined as to prior convictions. He had freely chosen to represent himself. The court had afforded him a trained adviser. The comment made by the court after defendant withdrew his denial of priors in no way implied that he could not, if he elected to take the stand, be cross-examined as to them.

Finally, defendant (a Negro) claims that the prosecution exercised its peremptory challenges to exclude all Negroes who were examined as jurors. We need not consider the legal effect of the facts claimed, since the record before us contains nothing whatever to substantiate the claimed facts.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.