[Crim. No. 155.   Fifth Dist.   Sept. 23, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM LEON NOONER, Defendant and Appellant.

James H. Flanagan, Jr., under appointment by the District Court of Appeal, and Pettitt, Blumberg & Sherr for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Raymond M. Momboisse and Anthony S. DaVigo, Deputy Attorneys General, for Plaintiff and Respondent.

CONLEY, P. J.—The defendant, William Leon Nooner, entered a plea of guilty to the first count in a complaint charging him with two first degree burglaries. The district attorney then moved to dismiss the second count "in the interest of justice," and the municipal court judge conducting the preliminary hearing granted the motion. It was also agreed by the district attorney and appointed defense counsel that the burglary should be denominated burglary of the second degree. The defendant, who was not a stranger to penal procedure and punishment, and who according to the record seemed alert and forward in all of his devious manipulations in the court, expressly waived a preliminary examination; but when he was subjected to the usual certification and procedure in the superior court, he demanded the right to withdraw his plea of guilty and to plead not guilty, saying that it was true that he had received stolen goods resulting from the crimes, but that he had not participated in any burglary.

This case is one of an increasing number involving a trial by the defendant of our judges, district attorneys, and defense

counsel. In a similar case, *People* v. *Mitchell*, 185 Cal.App.2d 507, 508 [8 Cal.Rptr. 319], Mr. Justice Bray, then presiding in a division of the First District Court of Appeal, remarked in the opinion: ''This case is typical of a growing practice among inmates of our penal institutions, who, after pleading guilty to one charge and having others dismissed, appeal from the judgment based on their pleas, and contend that their counsel did not properly represent them in the trial court.''

Here, the record shows that the trial judge exercised a high degree of patience and a meticulous consideration of the rights of the defendant, notwithstanding the prisoner's lack of a deferential attitude toward the court. ▮▮▮ It is our conclusion that the denial by the trial judge of the request for a change of plea was justified, that the defendant received proper consideration and treatment by the law enforcement officers and attorneys involved in his proceedings, and that the judgment must be affirmed.

On November 10, 1964, a criminal complaint was filed in the Municipal Court of the Modesto Judicial District accusing the defendant in Count I of violation of section 459 of the Penal Code in that about the 8th day of November, 1964, he did wilfully enter a building occupied by ''Dairy Queen #36,'' 2240 McHenry in Modesto, during the nighttime, with intent to commit theft, and in Count II with a similar charge of burglary in the same area when he was accused of entering the building occupied by ''Conn Physiotherapy,'' at 414 15th Street, City of Modesto, during the nighttime, with intent to commit theft. Upon arraignment, the defendant was fully advised of his legal rights by the judge presiding and the court appointed the Public Defender of Stanislaus County as his counsel. On November 16, 1964, appellant appeared with Joel C. Stone, deputy public defender, waived a preliminary examination, which he was advised he could have, and, with the consent of the district attorney, entered a plea of guilty to the charge contained in Count I of the complaint. Immediately thereafter, on motion of the People, the court ordered that Count II of the complaint be dismissed ''in the interest of justice,'' and appellant was certified to the Superior Court of Stanislaus County for further proceedings.

On November 24, 1964, the appellant appeared in the superior court with his appointed counsel, the public defender, and, after the defendant was again informed of his legal rights, the court found that he had entered a plea of guilty of violation of section 459 of the Penal Code; upon stipu-

lation of counsel, the court fixed the degree of the offense as burglary in the second degree. On December 11, 1964, the day set for judgment, the appellant personally addressed the court and moved "to change my plea from guilty to not guilty" on the sole ground that "I was promised, given some promises that I wouldn't go to the joint, and now they are going to send me to the joint." Appellant represented that it was Lieutenant Murphy, attached to the district attorney's office, who told him that if he cooperated he would not go to prison, but would be given a jail sentence. The defendant said that it was because of this promise that he had admitted the burglary as charged; that he did not in fact commit burglary, but was guilty of receiving stolen property from an unidentified person who had possession of illegal loot.

The record indicates that appellant had not informed his counsel of these alleged facts or that he intended to apply for leave to change his plea, and that the public defender had not heard previously of this claim which was being urged personally for the first time by appellant. For this reason, apparently, and only for the purpose of the motion, appellant insisted upon dispensing with his counsel. The public defender had "no objection to being discharged if he [appellant] doesn't want me here." The court advised appellant that he had a right to be represented by counsel, but that if he was so represented he would not be permitted personally to conduct any part of his case—that would have to be done by his attorney. The defendant apparently fully understood this basic rule of practice.

As stated in *People* v. *Mattson,* 51 Cal.2d 777, 789 [336 P.2d 937]: "So long as defendant is represented by counsel at the trial, he has no right to be heard by himself . . ." (See also *People* v. *McKinney,* 152 Cal.App.2d 332, 336 [313 P.2d 163]; *People* v. *Glenn,* 96 Cal.App.2d 859, 868 [216 P.2d 457]; *People* v. *Clark,* 176 Cal.App.2d 316, 318 [1 Cal.Rptr. 176].)

It is apparent from the record that the defendant wanted to make this showing personally, and that he understood that while the attorney represented him the latter would have to conduct the proceeding; therefore, his waiver of the right to an attorney to conduct this part of the case, which was agreeable to the court and to appointed counsel, was entirely effective.

The court saw fit to call to the stand Lieutenant Leland Murphy as a witness with respect to any promise he may have made to the defendant to the effect that he would receive

a jail sentence, if he pleaded guilty, rather than a prison sentence. Lieutenant Murphy testified that his first contact with the appellant was on the morning of November 9, 1964; he had received information that a service station attendant had bought some stolen property from appellant on the previous night, and that at that time the attendant had seen a miscellaneous quantity of similar items in appellant's automobile. On the night of November 9, the witness ascertained that the additional property was not then in appellant's automobile. When he was asked what he had done with the other items, appellant stated to the officers that he had put them in the basement at his mother's home. A check of her basement showed that they were not then there. Appellant had been taken into custody at about 4 a.m., November 9, and, when he was interviewed by Lieutenant Murphy at the police station, he denied that he had been involved in any criminal activity.

The officer further testified that the day after the appellant entered his plea of guilty he did admit his participation in the burglary. The witness testified positively that he did not at any time make any promise of any kind to appellant, and that he did not make any representation to him concerning his term or place of imprisonment, or the disposition of his case in the event of a plea of guilty, or otherwise. The defendant showed a lively appreciation of the evidentiary problem before the trial judge when he said, "It is my word against his word." It should be remembered that not only did the trial judge have a right to believe Lieutenant Murphy's positive statement that he made no promises of any kind to the defendant, but that he also had the following facts before him to support his conclusion that there should be no change of plea: the defendant had solemnly stated by his plea of guilty that he committed the offense charged in Count I, after he had been informed of his rights by the presiding magistrate and after an attorney had been appointed to represent him; he had received, presumably through the intercession of his counsel with the district attorney, extreme consideration by the prosecuting officer who moved to dismiss the charge contained in Count II, and stipulated that the crime to which he had pleaded guilty was burglary in the second degree; he had also admitted to the police officer that he had participated in the burglary.

In these circumstances, it would have been an unusual, and apparently an unwarranted, decision if the court had held

that he was now telling the truth contrary to the factors above mentioned.

■ "The granting or denial of a motion by defendant to withdraw his plea of guilty rests in the sound discretion of the trial judge and his decision will not be disturbed on appeal unless an abuse of that discretion is clearly shown." (*People* v. *Gannaro,* 216 Cal.App.2d 25, 28 [30 Cal.Rptr. 711].)

The defendant argues that he was deprived of his constitutional right to the assistance of counsel "both when extrajudicial statements were taken from him and during his motion for change of plea." The record will show that the defendant was accorded his right to counsel and that he waived, in part, the right to an attorney so that he could personally make his request for change of plea; after the denial of this request, he specifically waived the further help of an attorney. The record also indicates that the defendant was not a stranger to prison and jail punishment, and that he was quite alert and presumably knowledgeable as to what he did.

■ It is further asserted that the record does not show that the defendant was instructed as to his constitutional rights under *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]; *People* v. *Stewart,* 62 Cal.2d 571 [43 Cal.Rptr. 201, 400 P.2d 97]; *Escobedo* v. *Illinois,* 378 U. S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977]; and *Massiah* v. *United States,* 377 U. S. 201 [84 S.Ct. 1199, 12 L.Ed.2d 246]. But there was no testimony relative to a confession; the case was not tried; the conviction rested upon the plea of guilty made by the defendant himself. In such circumstances, the argument is wholly inapplicable. (*In re Seiterle,* 61 Cal.2d 651, 657-658 [39 Cal.Rptr. 716, 394 P.2d 556]; *People* v. *Gannaro, supra,* 216 Cal.App.2d 25, 29.)

The judgment is affirmed.

Stone, J., concurred.

Brown (R. M.), J., being disqualified, did not participate.

A petition for a rehearing was denied October 26, 1965, and appellant's petition for a hearing by the Supreme Court was denied November 16, 1965.