■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FREDERICK SCHISKIE, Appellant.— REYNOLDS, J. Judgment of conviction and order denying appellant's motion to withdraw his plea of guilty affirmed. On November 6, 1963 appellant with counsel plead guilty to a charge of burglary, third degree. Due to technical defects in the sentencing procedure it became necessary twice to resentence appellant. On the second resentence held in November, 1964 appellant moved to withdraw his plea of guilty pursuant to section 337 of the Code of Criminal Procedure. The granting of this request is in the discretion of the trial court, and thus only if there is an abuse of discretion, can its determination be upset (*People* v. *Newman,* 13 A D 2d 468, affd. 10 N Y 2d 847). Appellant here alleges that he was lured into confessing his participation in the burglary by a police promise that he would not be implicated in the crime and that if he had not made the confession, which his court-appointed attorney informed him could be used against him, he would not have entered the guilty plea. However, even assuming *arguendo* that this argument has legal merit, the difficulty here is that the record itself is barren of any factual support for appellant's position beyond his own statement on the second resentencing. There is no mention in the record that a confession or statement even existed prior to appellant's claim on resentencing. In fact, if anything his change of plea from not guilty to guilty while represented by competent counsel belies his claim. Further the unsupported allegation that his defense attorney advised him he had no defense and that a guilty plea would lead to probation, even if proved and proved unwarranted, would not in the absence of official deception or trickery necessarily warrant the withdrawal of a plea (see *People* v. *Brim,* 22 Misc 2d 335). In the final analysis we can find no basis on the present record for reversing the trial court. Order and judgment affirmed, without costs. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.