JONES, Justice:
The above cases are from the Circuit Court of Monroe County. They involve indictments charging the uttering of known forgeries.
There was a fourth indictment charging another offense of the same character, the record of which is forwarded here by cer-tiorari on petition of appellant and made a part of the record here, in spite of its disposition as later shown. This fourth case *581 was numbered 9928 on the lower court’s docket. The judgment of conviction in said 9928 showed, through error, that the charge was burglary and larceny.
Sentence was indefinitely deferred and appellant placed on probation for five years in 9928. The sentence was later set aside because of the variance between the judgment and the indictment. One of the conditions of probation in the original judgment was that defendant serve sixty days in the county jail. The original judgment contained the following statement by the court:
And being duly advised of all his legal and constitutional rights in the premises and being further advised of the consequences of such a plea the defendant did then and there enter his plea of guilty to said indictment.
Certainly this statement, being one by the court itself, is almost irrebuttable.
This judgment was set aside by the court after a petition to revoke appellant’s probation was filed July 31, 1969, and is apparently now pending in said lower court for a proper sentence on the plea of guilty to the charge of uttering as stated in the indictment.
Counsel for appellant says defendant was sentenced to five years in No. 9928. The judgment does not sentence him to five years in the penitentiary. It puts him on probation for a period of five years. One of the conditions of probation is that he serve only sixty days in the county j ail.
All four of these cases were companion but independent cases charging four separate offenses by the same defendant. The penalty for each of the crimes charged is fixed by Section 2187, Mississippi Code of 1942 Annotated (1956) at not less than two nor more than fifteen years. In each of these three cases appellant was given a three-year suspended sentence, and in the fourth, five years probation (serving only sixty days in jail). He had only sixty days altogether to serve.
The record shows the four sentences were given on the same day and that on that day the judge of the court advised appellant of his rights, legal and constitutional, and of the consequences of his pleas of guilty.
The three cases, other than 9928, were consolidated for hearing here, and at the request of appellant, the record in 9928 was ordered sent to this Court for consideration herein.
All judgments in the four cases here mentioned were entered on November 2, 1968. At the October Term 1969, three other indictments for uttering forged checks were returned against appellant. Thereafter, on October 30, 1970, motions to vacate the suspended sentences were filed by the state. On October 23, 1970, appellant filed his motions to set aside the judgments in the three cases here, alleging that “On advice of counsel, I pled guilty to all four charges.” He assigned as reasons for setting aside the judgments:
1) When I entered this plea, I did not know that the sentences could be made to run concurrently [sic] so that I could be required to serve a term of nine years on these three sentences.
2) I did not know that the indictment was worded in such a way that I could later be prosecuted again by somebody else for uttering the same check.
Appellant said he was not so informed.
Answering the second ground first: The face of the check or warrant involved was copied in exact detail in the indictment. Two were issued by the State Department of Public Welfare and one by the Treasurer of the United States through the Birmingham office, Bureau of Accounts. Each warrant as copied showed not only the payee and his address but the check numbers and other numbers and symbols used by such departments. Appellant claims the indictment did not protect him from prosecution by others because it did not name all the parties involved.
*582 This contention has recently been settled as to indictments such as these by the case of Stone v. State of Mississippi, 242 So.2d 127 (Miss.1970).
Appellant also claims the judgments were void because the court had no authority to suspend sentence. If this be true, still the judgment of conviction is not void. Freeman v. State, 220 Miss. 777, 72 So.2d 139 (1954); Crump v. Trapp, 210 Miss. 905, 36 So.2d 459 (1948); Steadman v. State, 204 Miss. 322, 37 So.2d 357 (1948); Fuller v. State, 100 Miss. 811, 57 So. 806 (1911). Only the suspension of sentence would be invalid.
Section 4004-25, Mississippi Code of 1942 Annotated (Supp.1968) provides probation may be as long as five years. Five years from October 1968 has not passed. This fact distinguishes Jackson v. Waller, 248 Miss. 166, 156 So.2d 594 (1963); on suggestion of error, 248 Miss. 166, 160 So. 2d 184 (1964).
It is not every motion of this type that requires an evidentiary hearing. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).
It appears to us, in the cases here, the first claim that he was not advised is not well taken. The judgment in the first of these four cases contains a statement by the court that the defendant was fully advised of his rights and the consequences of his plea. This statement of the court was made at the time of the plea of guilty and the court did not have to rely on its memory since it had a record thereof.
In addition his affidavit charges that he pled guilty on the advice of counsel. No attack is made on the competency of his attorney. There is a presumption from the fact that he had an attorney that he was fully advised. Sullivan v. State, 234 Miss. 611, 107 So.2d 123 (1958); McDonald v. State, 151 Miss. 566, 118 So. 628 (1928); People v. Nooner, 237 Cal. App.2d 210, 46 Cal.Rptr. 689 (.1965); People v. Schiskie, 24 A.D.2d 807, 263 N.Y.S. 2d 885 (N.Y.1965); Brown v. State, 405 P.2d 698 (Okla.1965); State v. Garcia, 47 N.M. 319, 142 P.2d 552, 149 A.L.R.Ann. 1394 (1943).
Where the affidavit on motion tc set aside a plea of guilty contains no averment that affiant is innocent and avers no facts upon which innocence could be assumed or a legal defense predicated, as is true of the affidavits in these cases, the motion states no defense whatsoever and the lower court cannot be put in error for overruling it. Edwards v. State, 209 Miss. 325, 46 So.2d 790 (1950); Fortenberry v. State, 147 Miss. 91, 113 So. 193 (1927).
The motion to set aside a plea of guilty is addressed to the sound discretion of the court. Ruling will not be disturbed unless manifestly wrong. McDonald v. State, 151 Miss. 566, 118 So. 628 (1928).
The judgment of conviction on a plea of guilty raises a presumption that the plea was freely and voluntarily given. Sullivan v. State, 234 Miss. 611, 107 So. 123 (1958). The judgment here shows the court fully advised him.
Perciful v. Holley, Sheriff, 217 Miss. 203, 63 So.2d 817 (1953) more nearly fits the facts of this case, and, for that reason, we copy the first, second, and third syllabi:
1. Trial court has broad discretion in determining whether to permit plea of guilty to be withdrawn, and overruling of motion to permit withdrawal of guilty plea will not constitute reversible error, in absence of abuse of such discretion.
2. Application for leave to withdraw plea of guilty should be made within reasonable time.
3. Where defendant had waited about 18 months before moving to withdraw plea of guilty, and until after district attorney had moved to revoke suspension of sentence for violation of terms of sus *583 pension, overruling of motion was not an abuse of discretion. Code 1942, § 2541.
In Perciful, defendant waited about eighteen months to move to withdraw his plea and this was after the court had been asked to revoke the suspension of his sentence. The court held overruling same was not an abuse of discretion. The Per-ciful affidavit also contained an averment of a meritorious defense, which is absent here.
It is shown here that the pleas of guilty were made November 2, 1968. His pleas of guilty were on advice of counsel. On October 22, 1969, additional indictments were returned against him and the suspensions of sentence were subject to revocation. On October 30, 1970, a petition for revocation of suspension was filed. Seven days before the petition for revocation of suspension was filed (October 23, 1970), appellant made his motion to set aside the pleas of guilty. This motion also was on advice of counsel (page 1, appellant’s brief). There can be no question that the motion to set aside was because of the possible revocation of suspension, being made a few days less than two years after the plea, and under these circumstances, there was no abuse of discretion.
In conclusion, considering that:
The circuit judge in the judgment of conviction recited appellant was fully advised.
The affidavit contained no averment of innocence nor even a claim of any defense to the charges.
His plea of guilty was on advice of counsel, whose ability is not assailed.
The motion to set aside was not made within a reasonable time.
There is a presumption that his attorney fully advised him of the fact that he was only sentenced to a total of sixty days in the county jail, rather than a maximum of fifteen years in the penitentiary in each case.
The fact that he knew he had been again indicted on three charges of the same kind and that his suspensions and probation were subject to revocation.
The action of the court in overruling his motions could not be an abuse of discretion but, on the contrary, is supported by the weight of the evidence the record affords, and these cases are affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, BRADY, and INZER, JJ., concur.