794 So.2d 279 (2001)
Harold VON BROCK, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-01455-COA.
Court of Appeals of Mississippi.
August 21, 2001.
David Lee Daniels, Tupelo, Attorney for Appellant.
Office of the Attorney General by Deirdre McCrory, Attorney for Appellee.
Before McMILLIN, C.J., THOMAS, and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. Harold Von Brock pled guilty to separate counts of selling methamphetamine and growing marijuana. He was given suspended sentences of twenty and *280 three years, respectively, that were to run concurrently. Three months later, the court found that he had violated his probation, and he was ordered to begin serving the sentences that had been suspended. He filed a petition seeking post-conviction relief in the Lee County Circuit Court, which was denied. He appeals asserting three errors: 1) the guilty pleas were involuntary; 2) one of two indictments was constructively amended; and 3) ineffective assistance of counsel. Finding the claims are meritless, we affirm.

DISCUSSION

I. VOLUNTARINESS OF THE PLEAS
¶ 2. Uniform Rule of Circuit and County Court Practice Rule 8.04 requires that the trial court determine whether the defendant is competent to understand the nature of the charge, the nature and consequences of the plea, the minimum and maximum possible penalties and the right to trial. If the defendant is advised regarding the nature of the charge and the consequences of the plea, it is considered "voluntary and intelligent." Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). See also Boykin v. Alabama, 395 U.S. 238, 242-243, 89 S.Ct. 1709, 23 L.Ed.2d 274, (1969). "Solemn declarations in open court carry a strong presumption of verity." Baker v. State, 358 So.2d 401, 403 (Miss.1978).
¶ 3. Reviewing the record in this case, it is clear that the trial court conducted a complete and thorough plea colloquy. There is no question as to Von Brock's competence. Von Brock confirmed that he understood the charges, the possible penalties, and the rights he waived by pleading guilty. He also confirmed that he was in fact guilty. Thus, there is no merit to his claim that his plea was involuntarily made.

II. AMENDMENT OF THE INDICTMENT
¶ 4. Von Brock asserts that the indictment charging him with selling methamphetamine was impermissibly amended from an original charge involving conspiracy. However, the record does not reflect that the indictment was amended. Rather, it appears that Von Brock's complaint is that somehow he came to believe he would be charged with some count relating to an alleged conspiracy. The record does not show how Von Brock came to this belief. There is no mention of his entering an initial appearance, nor are there any affidavits attesting to what information was imparted to him at his arrest or any other time. Contrary to Von Brock's assertions, the record does indicate that the indictment, as it was provided to him, contained a charge of selling methamphetamine with no mention of conspiracy.
¶ 5. Regardless of what Von Brock believed he was, or would be, charged with, his guilty plea waived any alleged defect arising from these alleged facts. There are only two exceptions in which a voluntary guilty plea does not waive a defect: (1) if an indictment fails to charge a necessary element of the crime and (2) there is no subject matter jurisdiction. Garrette v. State, 763 So.2d 177, 180 (¶ 17) (Miss.Ct.App.2000). See also Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990). In the plea colloquy, Von Brock confirmed to the circuit court that he understood the charges against him and was in fact guilty of them. In entering the plea, Von Brock waived any defect to the indictment, and there is no merit to this assignment of error.

III. INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 6. Von Brock asserts his counsel was ineffective because he had a valid defense on the merits that was not raised. *281 However, Von Brock failed to raise this issue in his motion for post-conviction relief in the circuit court. Failure to raise an issue in the circuit court operates as a waiver, and an appellate court will not consider an issue presented initially upon appeal. Mack v. State, 784 So.2d 976, 979 (¶ 10) (Miss.Ct.App.2001); Coleman v. State, 772 So.2d 1101, 1103 (¶ 8) (Miss.Ct. App.2000). Consequently, Von Brock waived the issue of ineffective assistance of counsel.

IV. CONCLUSION
¶ 7. There is no merit to Von Brock's claim that his plea was not voluntarily entered, and his claim that the indictment was impermissibly amended is barred, and his claim that his counsel was ineffective was waived. The judgment is affirmed.
¶ 8. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS AFFIRMED. LEE COUNTY IS ASSESSED ALL COSTS OF THIS APPEAL.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING and MYERS, JJ., concur.