IRVING, J., for the Court:
¶ 1. Clint Lightsey pleaded guilty in the Circuit Court of Jackson County to the offense of armed robbery. Seventeen days later, Lightsey moved to have the plea set aside. The trial court denied the motion. Feeling aggrieved, Lightsey has appealed and asserts the following four propositions which he contends require us to reverse his conviction: (1) the guilty plea of the Appellant, January 11, 2000, was not a knowing and voluntary plea, (2) the petition to plead guilty in this case should have been declared invalid, (3) Appellant’s guilty plea was the result of ineffective assistance of counsel, and (4) the denial of the Appellant’s motion to set aside guilty plea and sentence represents an abuse of judicial discretion.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Using a pellet gun, Lightsey and two friends, identified as Anthony Steven Agostino and Holly Mae Ates, robbed the Holiday Inn in Ocean Springs, Mississippi. The trio later decided to rob an ATM but were unsuccessful in their plot. Lightsey and his accomplices were indicted together for robbery of the Holiday Inn. Additionally, Lightsey had two other felony charges, statutory rape and stalking, pending against him and was expecting to be charged with the attempted burglary of the ATM. He hired Attorney Keith Rob *522 erts to represent him on the armed robbery charge. Initially, Lightsey pleaded not guilty to the armed robbery charge but later petitioned the court to enter a guilty plea.
¶ 4. Before accepting Lightsey’s guilty plea, the court conducted an inquiry whereby Lightsey acknowledged that he signed the petition and announced that he understood the consequences of pleading guilty. Under examination of the trial court, Lightsey further acknowledged that he knew he could receive up to life in prison or a minimum of three years and that any sentence of ten years or less would have to be served day for day, without parole. Following the examination by the court, the court accepted Lightsey’s guilty plea and sentenced him to fifteen years with eight years suspended and three years post-release supervision.
¶ 5. As stated, Lightsey filed a motion to' set aside his plea and sentence. In his motion, he alleged that his plea was not made knowingly or intelligently. The basis offered for this contention was that his attorney advised him that the attorney had gotten the charge reduced to robbery and that in all probability, if Lightsey would plead guilty to robbery, he would be sentenced to the Regimented Inmate Discipline (RID) program.
¶ 6. The motion was denied after an extensive hearing which included the testimony of Lightsey and his trial counsel. Additional facts will be given as warranted during the discussion of the issues.
DISCUSSION OF THE ISSUES

I. Knowledge and Voluntariness of the Plea

¶ 7. Lightsey argues that the trial court erred in ruling that his plea was knowingly and voluntarily entered. Light-sey maintains that his plea was not voluntary because he pleaded based on an impression from counsel that he would be sentenced to the RID program or no more than three years in prison.
¶ 8. Unless Lightsey can prove by a preponderance of evidence that his plea was made involuntarily, he is not entitled to a withdrawal of the plea. Schmitt v. State, 560 So.2d 148, 151 (Miss.1990) (citing Leatherwood v. State, 539 So.2d 1378, 1381 n. 4 (Miss.1989)). The standard of review in determining whether a plea was voluntarily and intelligently made is that this Court will not reverse the findings of a trial court sitting without a jury unless the findings are clearly erroneous. House v. State, 754 So.2d 1147 (¶ 24) (Miss.1999). Moreover, a guilty plea is voluntary when the defendant understands, and is properly informed, of the elements of the charge(s) against him and the possible sentence. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992) (citing Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991)).
¶ 9. A meticulous review of the record reveals an absence of any evidence tending to show that Lightsey’s plea was not knowing and voluntary. The record of the plea hearing is replete with evidence that the trial judge posed many questions to ensure that Lightsey knew and understood the charge against him, including the elements of the charge and the possible sentence he could receive if he pleaded guilty. Further, Lightsey informed the court that he had not been promised leniency nor had he been threatened. Following a thorough inquiry, the trial judge accepted Lightsey’s plea as being entered knowingly and voluntarily. We agree with the trial court and find that this assignment of error lacks merit.

II. Validity of the Plea Petition

¶ 10. Lightsey argues that his plea petition should have been declared invalid be *523 cause noticeable alterations appeared on the face of the petition. An examination of the petition reveals that “yes” was written as the answer to the following questions: “Has anyone threatened you in order to make you plead guilty?” “Has anyone promised you anything in order to get you to plead guilty?” However, the “yes” had been lined through and the word “no” inserted instead. The question — “Are you satisfied with his services as an attorney?” — was answered “no,” but the “no” had been lined through and changed to “yes.”
¶ 11. The Supreme Court recites the standard of review in Brown v. State, 731 So.2d 595(¶ 6) (Miss.1999) (citing Bank of Mississippi v. Southern Mem’l Park, Inc. 677 So.2d 186, 191 (Miss.1996)) that “when reviewing a lower court’s decision to deny a petition for post-conviction relief, this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo.”
¶ 12. At the hearing on the motion to set aside the plea, Roberts, Lightsey’s trial counsel, testified that he prepared the plea petition for Lightsey because Lightsey was in a holding cell and his hands weye not free but that Roberts “spent quite some time going over the petition, explaining it, reading it.” Roberts also testified that it was his practice of reading every word of a plea petition to his criminal clients and that in this case, he and Lightsey went through the plea petition together. He further testified that the answers on the petition were Lightsey’s answers and that Roberts made it clear to Lightsey that Lightsey was pleading guilty to armed robbery as opposed to robbery.
¶ 13. We are satisfied, based on Robert’s and Lightsey’s testimony, that Roberts completed the plea petition for Light-sey and that it was Roberts who made the alterations on the petition. It certainly would have been helpful for review purposes had the trial judge made further inquiry as to why the alterations were made. Nevertheless, we can find no basis for concluding that the trial judge erred by accepting Lightsey’s petition to plead guilty.

III. Ineffective Assistance of Counsel

¶ 14. Lightsey argues that Roberts failed to consult or properly advise him of the facts of the State’s ease or the law of the case. Lightsey further maintains that he had a specific understanding that he would be sentenced to a maximum of three years or RID.
¶ 15. The applicable standard for ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under this standard, Lightsey must show that the attorney’s performance was deficient and that the attorney’s mistake or mistakes were so prejudicial that but for the attorney’s mistake(s) the outcome would have been different. Id. at 694, 104 S.Ct. 2052.
¶ 16. Lightsey testified at the hearing on the motion to set aside the plea that Roberts told him that he had no reason to worry, that Roberts had discussed the case with the district attorney and the judge, and that Roberts expressed the view that they were all friends. Lightsey further exclaims that Roberts told him that everything would be taken care of as long as he pleaded guilty and that he should be sentenced to RID or a three-year maximum sentence.
¶ 17. Roberts testified that he attempted to obtain a plea bargain for Lightsey but that it was difficult because the victim of the robbery would not agree to reduce *524 the charges. Roberts also testified that he explained to Lightsey that the district attorney’s office would reexamine its position on the three other charges in consideration for his pleading open.
¶ 18. Roberts also testified that he explained to Lightsey that the judge had no discretion, that the judge had to sentence him to at least three years in prison and “that it could be up to basically one day less than [Lightsey’s] life expectancy.” As to the matter of the RID program, Roberts testified that he explained to Lightsey that, if the victim of the armed robbery charge had been willing to allow the charge to be reduced to robbery and if the other charges were not pending, there “might have been a possibility for a first offender [sentence]” but that he never promised “or made any representations that [Lightsey] would, could or was likely to get RID in this constellation of charges.”
¶ 19. The trial court ruled that the representation made by Lightsey that he ex-pécted to be sentenced to RID is belied by the sworn testimony of Lightsey under oath at his plea hearing because there was no mention of RID in the record. The court found that the plea was voluntary, knowing and intelligent. Nothing in the record convinces us that the trial judge erred. We find this assignment of error to be without merit.

TV. Denial of Motion to Set Aside Guilty Plea and Sentence

¶ 20. The argument made under this assignment of error is in reality a composite of the arguments made under the assignments of error already discussed and rejected. Therefore, we see no need to make much discussion here. It suffices to say that, in reviewing a motion to set aside plea, we recognize that the trial court has sound discretion in making the decision to grant or deny the motion. Langston v. State, 245 So.2d 579, 582 (Miss.1971) (citing McDonald v. State, 151 Miss. 566, 118 So. 628 (1928)). Additionally, we cannot disturb the ruling unless there is a showing of manifest wrong. Id. Sentencing is also in the discretion of the trial court, and appellate courts will not review a sentence so long as it is within the limits prescribed by statute. Berry v. State, 722 So.2d 706, 707 (Miss.1998) (citing Reynolds v. State, 585 So.2d 753, 756 (Miss.1991)). The trial court found, and we have already expressed our agreement with that finding, that Lightsey entered the plea of guilty knowingly and voluntarily. Based on the facts already discussed, this Court finds that Lightsey understood that he was pleading guilty to armed robbery and that he also understood the elements of the offense, the consequences of pleading guilty to the offense, and the possible sentence he could receive. Therefore, we find no error in the trial court’s denial of Lightsey’s motion to set aside the plea and sentence.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS and CHANDLER, JJ., CONCUR.