822 So.2d 1006 (2002)
Leon LAW, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-01945-COA.
Court of Appeals of Mississippi.
March 12, 2002.
Rehearing Denied June 4, 2002.
Certiorari Denied September 12, 2002.
*1008 Leon Law, Pro Se.
Office of the Attorney General, by Dewitt T. Allred, III, attorney for appellee.
Before SOUTHWICK, P.J., BRIDGES, and CHANDLER, JJ.
BRIDGES, J., for the Court.

STATEMENT OF THE FACTS AND PROCEDURAL HISTORY
¶ 1. Leon Law was indicted in Circuit Court of the Second Judicial District of Harrison County, Mississippi, for the offense of felony driving under the influence causing death pursuant to Mississippi Code Annotated section 63-11-30(1)(c) and (5). On March 13, 2000, Law pled guilty before Circuit Court Judge Jerry O. Terry, who accepted Law's guilty plea and then sentenced Law to twenty-five years in the custody of the Mississippi Department of Corrections.
¶ 2. Law filed a motion for post-conviction relief on May 30, 2000, seeking a withdrawal of his guilty plea and to be tried on the charge or, alternatively, seeking review and reconsideration of the sentence previously imposed. Judge Terry dismissed the motion on October 13, 2000.
¶ 3. The only grounds stated in the motion for reconsideration are: (1) Law cooperated with authorities "in that he has pled guilty and accepted his guilt and expected some leniency from the court which was not forthcoming;" (2) he has severe physical infirmities requiring recurring medical treatment which "would make him vulnerable to assaults and other abuse at the hands of other prisoners;" (3) he is totally disabled and his mental and physical status warrant review and reduction of his sentence.
¶ 4. On June 27, 2000, Law filed an affidavit stating he followed counsel's advice and pled guilty. Additionally he swears, "[a]t the time of my plea I was unaware that I was not going to receive consideration for opting not to go to trial. I believed that I would receive some time off of the maximum sentence. Had I been informed ... I would not have entered a plea of guilty but would have preferred to stand trial. My plea of guilty to the charge was made involuntarily due to the lack of understanding of the key facts as now known to me." There is a presumption from the fact that he had an attorney that he was fully advised and informed. Langston v. State, 245 So.2d 579, 582 (Miss.1971). See also, Sullivan v. State, 234 Miss. 611, 107 So.2d 123 (1958); McDonald v. State, 151 Miss. 566, 118 So. 628 (1928).
¶ 5. On appeal, Law now presents new issues not raised below:

*1009 1. WHETHER LAW WAS RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE PLED GUILTY;
2. WHETHER LAW'S PLEA WAS INVOLUNTARY DUE TO HIS INCOMPETENCY OF UNDERSTANDING THE NATURE OF THE CHARGE AGAINST HIM AND THE CONSTITUTIONAL RIGHTS HE WAS WAIVING; AND
3. WHETHER LAW'S PLEA OF GUILTY IS NULL AND VOID WHERE THE PLEA WAS INDUCED BY DECEPTION OF COUNSEL IN VIOLATION OF RULE 3.03 OF MISSISSIPPI UNIFORM CRIMINAL RULES OF CIRCUIT PRACTICE (NOW REPLACED BY UNIFORM CIRCUIT AND COUNTY COURT RULES).
¶ 6. Having found no error in the circuit court's refusal to grant post-conviction relief, we affirm.

STANDARD OF REVIEW AND LEGAL ANALYSIS
¶ 7. Law's convoluted contentions, both those enumerated and those solely in the argument of the brief, are related and it is for this reason we address them summarily. However, we will not address new issues presented initially on appeal. Prior case law dictates that failure to raise an issue in the motion for post-conviction relief can not be raised as new ground on appeal. Taylor v. State, 682 So.2d 359, 362 (Miss.1996); Gardner v. State, 531 So.2d 805, 809 (Miss.1988).
¶ 8. In order to withdraw a plea of guilty, the defendant must prove by a preponderance of the evidence that his plea was made involuntarily. Leatherwood v. State, 539 So.2d 1378, 1381 (Miss.1989). This Court will only reverse the findings of a trial judge sitting without a jury concerning a guilty plea's intelligent and voluntary manner when the findings are clearly erroneous. House v. State, 754 So.2d 1147, 1152(¶ 24) (Miss.1999). Moreover, a guilty plea is voluntary when the defendant understands, and is properly informed, of the elements of the charge against him and the possible sentence. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992) (citing Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991)). "[W]hen reviewing a lower court's decision to deny a petition for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
¶ 9. In reviewing a motion to set aside plea, this Court recognizes that the trial court has sound discretion in making the decision to grant or deny the motion. Langston, 245 So.2d at 582. Sentencing is also in the discretion of the trial court, and appellate courts will not review a sentence so long as it is within the limits prescribed by statute. Berry v. State, 722 So.2d 706, 707(¶ 6) (Miss.1998). We find that Law's motion in the circuit court and his brief to this Court did not set forth any of the required evidence of wrongdoing by the trial court. Furthermore, the sentence was within the statutory limits.
¶ 10. Law also argues that his plea of guilty was not voluntary due to his attorney's misrepresentation that he would receive a ten year sentence, as opposed to the twenty-five year sentence he actually received, if he would plea in open court. If the defendant is advised regarding the nature of the charge and the consequences of the plea, it is considered "voluntary and intelligent." Richardson v. State, 769 So.2d 230, 233(¶ 6) (Miss.Ct.App.2000). *1010 Additionally, "[s]olemn declarations in open court carry a strong presumption of verity." Id. Prior case law dictates that when the record shows that the trial court fully informed the defendant of a mandatory sentence and the defendant acknowledged the sentence, the defendant's claimed expectation for a more lenient sentence is rebutted. Houston v. State, 461 So.2d 720, 722 (Miss.1984). Furthermore, our supreme court in Roland v. State, 666 So.2d 747, 750 (Miss.1995), stated that the plea is rendered voluntary when the defendant hears from the trial court what the effects and consequences of his guilty plea will be, despite the advice given to the defendant by his attorney. Roland, 666 So.2d at 750. See also Smith v. State, 636 So.2d 1220, 1225 (Miss.1994).
¶ 11. Law was fully aware of the consequences of an open plea. The plea colloquy illustrates to us that Judge Terry discussed the maximum terms of imprisonment the charge carried and specifically told Law that "as long as I stay within that [twenty-five] years and you plead guilty to this charge, you cannot complain." When Judge Terry asked Law why he was pleading guilty, Law simply responded "because I'm guilty." The record of the guilty plea proceeding is replete with explanations by Judge Terry of the charge and the consequences of that charge to Law. All of this was done prior to accepting a guilty plea by law. This Court holds that Law's argument that his plea was unintelligently entered is without merit.
¶ 12. We now look at the maximum sentence by law of twenty-five years that Law received. "As a general rule, a sentence that does not exceed the maximum period allowed by statute will not be disturbed on appeal." Wallace v. State, 607 So.2d 1184, 1188 (Miss.1992). In the judgment of the circuit court dismissing Law's motion, Judge Terry acknowledged the medical condition of Law but upheld the original sentence. We do find any error in this ruling. The crime was severe and warranted a severe punishment. This argument is without merit.
¶ 13. Law's brief speaks with much detail about how he received ineffective assistance of counsel during his guilty plea from his court appointed attorney, Franz. However, Law's second attorney, Payne, did not raise this issue in Law's motion to the circuit court. This Court will not address an issue initially on appeal and failure to raise an issue in the circuit court operates as a waiver. Von Brock v. State, 794 So.2d 279, 281(¶ 6) (Miss.Ct.App.2001) (citing Mack v. State, 784 So.2d 976, 979(¶ 10) (Miss.Ct.App.2001); Coleman v. State, 772 So.2d 1101, 1103(¶ 8) (Miss.Ct. App.2000)). The appropriate time to address ineffective counsel was on appeal to the circuit court in his petition for post-conviction relief. Consequently, Law's third issue, as it is related to the first, is waived as well.
¶ 14. Law also contends, only on appeal, that bodily fluids taken from him at the hospital were recovered in violation of his constitutional rights. This argument will serve no purpose at the appeal stage of the process. "A guilty plea operates to waive the defendant's privilege against self-incrimination, the right to confront and cross-examine the prosecution's witnesses, the right to a jury trial and the right that the prosecution prove every element of the offense beyond a reasonable doubt." Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). The gathering of evidence in order to prove the elements of the accused's crime would be a matter for trial. Law chose not to go to trial. Furthermore, Law unequivocally admitted his guilt to the court at the plea proceedings. This argument has been waived.
*1011 ¶ 15. Law's assignments of error are unfounded. Therefore, we affirm the denial of post-conviction relief by the circuit court.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.