910 So.2d 1152 (2005)
Charles A. BEENE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00850-COA.
Court of Appeals of Mississippi.
March 29, 2005.
*1153 Charles A. Beene, appellant, pro se.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before LEE, P.J., GRIFFIS, and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Petitioner's motion for post-conviction relief was denied by the Lee County Circuit Court. Finding no error, we affirm.

STATEMENT OF FACTS
¶ 2. Charles A. Beene pled guilty in November 2002 to two counts of uttering a forgery and one count of possession of cocaine, based on an indictment which was handed down in February 1998. Beene was represented by counsel when he entered his guilty pleas. The trial court sentenced Beene to a term of fifteen years in the custody of the Mississippi Department of Corrections. Eleven of the fifteen years were to be suspended. Beene was also placed on five years of post-release supervision, pursuant to Miss.Code Ann. § 47-7-34 (Rev.2000).
¶ 3. Beene later filed a motion pro se to vacate and set aside the conviction and sentence. The trial court entertained the motion as a motion for post-conviction relief, pursuant to Miss.Code Ann. § 99-39-1 (Rev.2000). The trial court subsequently denied the motion. Aggrieved, Beene now seeks post-conviction relief from this Court in the form of a reversal and rendering of his convictions. Beene asserts the following issues: (1) whether the conviction and sentence are void due to a defective indictment; (2) whether Beene waived his right to a speedy trial by entering a guilty plea; and (3) whether Beene was prejudiced by ineffective assistance of counsel.

ISSUES AND ANALYSIS

I. Whether the conviction and sentence are void due to a defective indictment.
¶ 4. We begin our discussion by recalling the standard of review: a trial court's denial of a motion for post-conviction relief shall not be reversed unless the reviewing court finds that the trial court's decision was clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo. *1154 Pickett v. State, 751 So.2d 1031, 1032(¶ 8) (Miss.1999); Kirksey v. State, 728 So.2d 565, 567(¶ 8) (Miss.1999).
¶ 5. Beene argues that his conviction should be reversed and rendered due to defects in the indictment. Beene asserts that the indictment at issue was defective in that it did not contain the grand jury foreman's signature, nor the requisite phrase "against the peace and dignity of the state of Mississippi." This assertion, however, is not supported by the record. The copy of the indictment which was submitted in the record to this Court does in fact contain both of these elements. The indictment is in accord with the requirements of Uniform Rules of Circuit and County Court, Rule 7.06, and is without defect.
¶ 6. Furthermore, we note that this issue is barred pursuant to Miss.Code Ann. § 99-39-5(2) (Rev.2000). Beene previously presented this argument in his motion to vacate and set aside his conviction and sentence and the circuit judge ruled appropriately according to Von Brock v. State, 794 So.2d 279, 280(¶ 5) (Miss.Ct.App.2001) (by entering a guilty plea following a plea colloquy in which he confirmed to the circuit court that he understood the charges against him and was in fact guilty of them, the defendant waived the alleged defects to the indictment).
¶ 7. Beene, nevertheless, attempts to counter Von Brock by arguing additionally that the circuit court lacked jurisdiction over him, and that as a result, the conviction and sentence are void. The Mississippi Supreme Court has ruled that upon entering a guilty plea, only two matters are not waived for appeal: (1) failure to charge a necessary element of the crime, and (2) lack of subject matter jurisdiction. Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). His assertion notwithstanding, Beene has failed to explain how the circuit court allegedly lacked jurisdiction. In the absence of any substantive argument, it is not apparent to this Court how Beene's prosecution and sentence in the circuit court for the felony criminal charges violated Miss.Code Ann. § 9-7-81 (Rev.2002).[1] This Court will not review any issues where the party has failed to cite relevant authority. Williams v. State, 708 So.2d 1358, 1360-61(¶ 12) (Miss.1998). We find, therefore, that this issue is without merit.

II. Whether Beene waived his right to a speedy trial by entering a guilty plea.
¶ 8. We note at the outset of our discussion of these next two issues that Beene does not challenge the voluntariness of his guilty plea. Instead, he argues that his conviction and sentence should be reversed and rendered because his right to a speedy trial was violated. This Court is satisfied from the record that Beene was made aware of his rights during the plea colloquy conducted in the circuit court. Based on the transcript of that proceeding, it is clear to this Court that Beene expressly waived his right to a speedy trial. Furthermore, once Beene entered his guilty plea, he waived appellate review of any alleged violation of his right to a speedy trial. See Battaya v. State, 861 So.2d 364 (Miss.Ct.App.2003) (a guilty plea waives the right to a speedy trial); Anderson v. State, 577 So.2d 390 (Miss. 1991). We find that the circuit court's decision was appropriate and that this issue is without merit.

*1155 III. Whether Beene was prejudiced by ineffective assistance of counsel.
¶ 9. Beene maintains that his counsel provided ineffective assistance by allowing him to plead guilty to charges contained in a defective indictment. We note that "the purpose of an indictment is to put the defendant on notice of the nature and cause of the charges against him." State v. Shaw, 880 So.2d 296, 301(¶ 16) (Miss.2004) (quoting Richardson v. State, 769 So.2d 230, 233(¶ 4) (Miss.Ct.App.2000)). Furthermore, Uniform Circuit and County Court Rules, Rule 8.04(3) requires that the circuit court conduct a hearing on the record to ensure that the defendant's plea is voluntarily and intelligently made. The record reflects that both Shaw and Rule 8.04(3) were satisfied in this case.
¶ 10. We turn now to address the standard of review for a claim of ineffective assistance of counsel. In order to establish ineffective assistance of counsel, Beene must demonstrate that his attorney's performance was deficient and that this deficiency deprived him of a fair trial. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Moore v. State, 676 So.2d 244 (Miss.1996). In applying this standard to the facts in the case at bar, we are mindful of the strong presumption that counsel rendered adequate assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, Beene "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result would have been different." Strickland, 466 U.S. at 684, 104 S.Ct. 2052; Woodson v. State, 845 So.2d 740, 742 (¶ 8) (Miss.Ct. App.2003).
¶ 11. Beene's responses to the circuit judge's detailed Rule 8.04(3) questioning clearly indicate Beene's comprehension of the charges against him and the consequences of his guilty plea. Additionally, the record provides a factual basis for Beene's plea and it reflects that there was no coercion involved in Beene's plea. Based on the record, we are unable to conclude that the circuit court's findings that Beene received effective assistance of counsel and that his guilty plea was intelligently and voluntarily made were clearly erroneous.
[W]hen a convicted defendant challenges his guilty plea on [the] grounds of ineffective assistance of counsel, he must show unprofessional errors of substantial gravity. Beyond that, he must show that those errors proximately resulted in his guilty plea and that but for counsel's errors he would not have entered the plea.
Reynolds v. State, 521 So.2d 914, 918 (Miss.1988). Based on the detailed colloquy between Beene and the trial judge, it is clear that Beene personally understood the nature and consequences of his guilty plea. Beene has failed to satisfy his burden of overcoming the "strong presumption that [an] attorney's conduct fell within the wide range of professional assistance." Woodson, 845 So.2d at 742(¶ 8). We find, therefore, that this issue is also without merit.
¶ 12. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., BRIDGES AND LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.
NOTES
[1] "[The circuit] court shall have power to hear and determine all prosecutions in the name of the state for ... felonies, crimes, and misdemeanors...." Miss.Code Ann. § 9-7-81.